**REESE LLP**
Michael R. Reese (State Bar No. 206773)
*mreese@reesellp.com*
Sue J. Nam (State Bar No. 206729)
*snam@reesellp.com*
100 West 93rd Street, 16th Floor
New York, New York 10025
Telephone: (212) 643-0500
Facsimile: (212) 253-4272

**REESE LLP**
George V. Granade (State Bar No. 316050)
*ggranade@reesellp.com*
8484 Wilshire Boulevard, Suite 515
Los Angeles, California 90211
Telephone: (310) 393-0070
Facsimile: (212) 253-4272

**SHEEHAN & ASSOCIATES, P.C.**
Spencer Sheehan (To be admitted *Pro Hac Vice*)
spencer@spencersheehan.com
505 Northern Boulevard, Suite 311
Great Neck, NY 11021
Telephone: (516) 303-0552
Facsimile: (516) 234-7800

*Counsel for Plaintiff and the Proposed Class*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ELENA NACARINO, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br>vs.<br><br>CHOBANI LLC,<br><br>Defendant. | Case No. 20-cv-7437-EMC<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT** |

1        Plaintiff Elena Nacarino ("Plaintiff"), on behalf of herself and others similarly situated, bring this Class Action Complaint against Chobani, LLC ("Defendant" or "Chobani"). On the basis of personal knowledge, information and belief, and investigation of counsel, Plaintiff alleges as follows:

## INTRODUCTION

1.     Defendant manufactures, distributes, markets, labels, and sells vanilla yogurt products under the Chobani brand ("Product" or "Products").

2.     The Product is sold to consumers by third parties in different sizes including the 5.3 oz container shown below.



3.      The Product, regardless of size or distribution channel, bears a common, uniform label that displays (1) the unqualified, prominent, and conspicuous representation of "Vanilla," (2) images of the vanilla flower and vanilla bean, and (3) the following text: "Carried from some far-off, exotic place, where a little flower became a little bean. And that little bean, suspended and unremarkable, the cloak that conceals the magic within. Flavor like perfume, folded up in earthen envelopes, rich and warm and wonderful. Entirely vanilla, gently opening like the blossom that began it all." (collectively, the "Vanilla Representations" or "Vanilla Label").

4.      Despite the Vanilla Representations, the Product's vanilla flavor, is not "[e]tirely vanilla" as its label suggests. Scientific testing of the Product revealed that the vanilla flavoring of the Product does not come exclusively from the vanilla bean.

5.      The Product's Vanilla Representations are false and misleading. Instead of the premium ingredient – vanilla bean – that Defendant touts on its label, the vanilla flavor is derived by spiking the Product with other inferior flavoring.

## PARTIES

6.      Plaintiff Nacarino is a citizen of San Francisco, California.

7.      Plaintiff Nacarino purchased the Product in 2020 from a Whole Foods in San Francisco. Plaintiff saw the Vanilla Representations and relied upon them to believe that the vanilla flavor came exclusively from the vanilla plant. She would not have purchased the Product at a premium price or bought the Product at all had Plaintiff known the truth – that the Vanilla Representations on the Product, which she relied upon in making her purchase, was false, misleading, and deceptive in that the vanilla flavor was not exclusively from the vanilla bean.

8.      Defendant Chobani, LLC is a Delaware limited liability company with a principal place of business in Norwich, New York, Chenango County.

## JURISDICTION

9. This Court has jurisdiction over this action under the Class Action Fairness Act, 28 U.S.C. § 1332(d). The amount in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and the parties are citizens of different states.

10. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a substantial part of the events and misrepresentations giving rise to Plaintiff's claims occurred in this District and Defendant has intentionally availed itself of the laws and markets of this District through the promotion, marketing, distribution, and sale of its Products here.

## BACKGROUND AND FACTUAL ALLEGATIONS

11. Vanilla comes from an orchid plant that originated in Mexico where it was first cultivated. The vanilla flower produces a fruit pod, the vanilla bean, which is the raw material for true vanilla flavorings.

12. Consumers want the vanilla in vanilla flavored products to come from a real source, *i.e.*, from vanilla beans from the vanilla plant. Unfortunately, vanilla fraud is rampant. As in this case, companies adulterate their purported vanilla flavored products with cheap synthetics and/or substitutes in order to reap even larger corporate profits from consumers.

13. Section 401 of the Federal Food, Drug and Cosmetic Act ("FFDCA") directs the Food and Drug Administration ("FDA") to establish standards and rules for food labeling where necessary to promote honesty and fair dealing in the interest of consumers. The authority granted by Congress to the FDA enables the agency to combat an economic problem: the marketing of foods from which traditional constituents were removed or in which new or different (often cheaper and artificial) ingredients were substituted. As such, the federal food standards are not safety standards, but rather, as the FDA explains, intended to "protect consumers from contaminated products and economic fraud" and have served as "a trusted barrier against substandard and fraudulently packaged food since their enactment in the 1938 FFDCA."

14. In order to combat this vanilla fraud, the FDA has strict rules regarding use of the term "Vanilla" on the labels of food products. Specifically, only vanilla flavor derived from the vanilla bean is allowed to labelled "Vanilla" without any qualifiers. If the vanilla flavor comes in

1  any part from non-vanilla bean sources, the FDA mandates that the label must so inform
2  consumers. For example, if a product is represented as being characterized by vanilla yet contains
3  non-vanilla vanillin, the label and packaging must declare vanillin an artificial flavor. *See* Vanilla-
4  vanillin extract at 21 C.F.R. § 169.180(b) ("The specified name of the food is 'Vanilla-vanillin
5  extract _-fold' or '_-fold vanilla-vanillin extract', followed immediately by the statement 'contains
6  vanillin, an artificial flavor (or flavoring)'."); *see also* 21 C.F.R. § 169.181(b), § 169.182(b)
7  (Vanilla-vanillin flavoring and Vanilla-vanillin powder).

8      15.     The FDA regulations regarding vanilla flavoring effectively establish custom and
9  practice in the industry so that consumers' experience with that custom and practice primes them
10 to infer from the Products' labeling that the Products gets its vanilla flavor from the vanilla bean.

### Misleading and Deceptive Vanilla Representations

12     16.     Based on the Product label's Vanilla Representations, consumers expect the
13 Product's vanilla taste to be derived exclusively from vanilla beans.

14     17.     This conclusion is consistent with a consumer survey conducted in October 2020
15 of 403 consumers, which found that almost 86% (85.9%) percent of those surveyed expected the
16 Product's vanilla taste to "come from vanilla beans" based on the Product label.

17     18.     Unfortunately for consumers, the Vanilla Representations on the Product is false
18 and misleading. Specifically, scientific testing of the Product revealed that the vanilla flavoring of
19 the Product does not come exclusively from the vanilla bean.

### Reliance and Economic Injury

21     19.     Plaintiff sought a yogurt product with vanilla flavor exclusively from vanilla beans.
22     20.     Plaintiff read and relied on Defendant's false and misleading Vanilla
23 Representations on the Product label to believe that the flavor of the Product was vanilla and that
24 the vanilla flavor came exclusively from the vanilla bean.

25     21.     Had Plaintiff known the truth – that the Vanilla Representations Plaintiff relied
26 upon in making the purchase was false, misleading, and deceptive in that the vanilla flavor of the
27 Product does not come exclusively from the vanilla bean – Plaintiff would not have purchased the
28 Product at a premium price or bought the Product at all.

22. The Product costs more per ounce at stores compared to other similar vanilla-flavored yogurt products that lack the Vanilla Representations.

23. By engaging in its misleading and deceptive labelling, Defendant reaped and continues to reap increased sales and profits.

## CLASS ACTION ALLEGATIONS

24. Plaintiff brings this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure. The class that Plaintiff seek to represent (the "Class") is composed of and defined as follows:

> All persons in California who have purchased Defendant's Product from October 23, 2016 to the date of judgment.

Excluded from the Class and Subclasses are officers and directors of Defendant, members of the immediate families of the officers and directors of Defendant, and their legal representatives, heirs, successors or assigns and any entity in which they have or have had a controlling interest.

25. This action is brought and may properly be maintained as a class action pursuant to Federal Rule of Civil Procedure 23. This action satisfies the numerosity, typicality, adequacy, predominance, and superiority requirements of those provisions. The Class is so numerous that the individual joinder of all of its members is impracticable. Due to the nature of the trade and commerce involved, Plaintiff believes that the total number of Class members is in the tens of thousands and that members of the Class are geographically dispersed across California. While the exact number and identities of the Class members are unknown at this time, such information can be ascertained through appropriate investigation and discovery.

26. Common questions of law and fact exist as to all members of the Class, and these common questions predominate over any questions affecting only individual members of the Class. These common legal and factual questions, which do not vary from Class member to Class member, and which may be determined without reference to the individual circumstances of any Class member include, but are not limited to, the following:

  (a)  Whether Defendant labeled, marketed, advertised and/or sold the Product to Plaintiff and those similarly situated using false, misleading and/or deceptive statements or representations;

  (b)  Whether Defendant misrepresented material facts in connection with the sales of its Product;

  (c)  Whether Defendant participated in and pursued the common course of conduct complained of herein;

  (d)  Whether Defendant's labeling of its Product constitute an unfair or deceptive consumer sales practice; and

  (e)  Whether Defendant was unjustly enriched.

27. Plaintiff's claims are typical of those of the Class because Plaintiff, like all members of the Class, purchased a Product bearing the Vanilla Representations on the label in a typical consumer setting and sustained damages from Defendant's wrongful conduct.

28. Plaintiff will fairly and adequately protect the interests of the Class and has retained counsel who are experienced in litigating complex class actions. Plaintiff has no interests that conflict with those of the Class.

29. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Individual joinder of all members of the Class is impracticable. Even if individual members of the Class had the resources to pursue individual litigation, it would be unduly burdensome to the courts in which the individual litigation would proceed. Individual litigation magnifies the delay and expense to all parties in the court system of resolving the controversies engendered by Defendant's common course of conduct. The class action device allows a single court to provide the benefits of unitary adjudication, judicial economy, and the fair and efficient handling of all Class members' claims in a single forum. The conduct of this action as a class action conserves the resources of the parties and of the judicial system and protects the rights of the Class. Furthermore, for many, if not most, a class action is the only feasible mechanism that allows an opportunity for legal redress and justice.

30. This action is maintainable as a class action under Federal Rule of Civil Procedure

23(b)(2) because Defendant has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief respecting the Class as a whole.

31. This action is maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3) because the common questions of law and fact identified above, without limitation, predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of this controversy.

**CAUSES OF ACTION**

**FIRST CLAIM**

**(Violation of California Business & Professions Code §§ 17200 *et seq.* –**

**Unlawful Conduct Prong of the UCL)**

**On Behalf of Plaintiff and the Class**

32. Plaintiff incorporates by reference all allegations contained in the complaint as if fully set forth herein. California Business & Professions Code section 17200 ("UCL") prohibits any "unlawful, unfair or fraudulent business act or practice."

33. The acts, omissions, misrepresentations, practices, and non-disclosures of Defendant, as alleged herein, constitute "unlawful" business acts and practices in that they violate the FFDCA and its implementing regulations, including, at least, the following sections:

- 21 U.S.C. § 343, which deems food misbranded when the label contains a statement that is "false or misleading in any particular," with "misleading" defined to "take[] into account (among other things) not only representations made or suggested by statement, word, design, device, or any combination thereof, but also the extent to which the labeling or advertising fails to reveal facts material";

- 21 U.S.C. § 321(n), which states the nature of a false and misleading advertisement;

- 21 C.F.R. § 101.18(b), which prohibits true statements about ingredients that are misleading in light of the presence of other ingredients;

- 21 C.F.R. § 101.22(i), which sets forth a framework to truthfully identify the source of a product's flavor; and

- 21 C.F.R. § 102.5 which prohibits misleading common or usual names.

34.     Defendant's conduct is further "unlawful" because it violates the California False Advertising Law ("FAL") and the Consumer Legal Remedies Act ("CLRA"), as discussed in the claims below.

35.     Defendant's conduct also violates the California Sherman Food, Drug, and Cosmetic Law, Cal. Health & Saf. Code section 109875, *et seq.* ("Sherman Law"), including, at least, the following sections:

- Section 110100 (adopting all FDA regulations as state regulations);

- Section 110290 ("In determining whether the labeling or advertisement of a food … is misleading, all representations made or suggested by statement, word, design, device, sound, or any combination of these, shall be taken into account.  The extent that the labeling or advertising fails to reveal facts concerning the food … or consequences of customary use of the food … shall also be considered.");

- Section 110390 ("It is unlawful for any person to disseminate any false advertisement of any food…. An advertisement is false if it is false or misleading in any particular.");

- Section 110395 ("It is unlawful for any person to manufacture, sell, deliver, hold, or offer for sale any food … that is falsely advertised.");

- Section 110398 ("It is unlawful for any person to advertise any food, drug, device, or cosmetic that is adulterated or misbranded.");

- Section 110400 ("It is unlawful for any person to receive in commerce any food … that is falsely advertised or to deliver or proffer for delivery any such food…."); and

- Section 110660 ("Any food is misbranded if its labeling is false or misleading in any particular.").

36.     Each of the challenged statements made and actions taken by Defendant violates the FFDCA, the CLRA, the FAL, and the Sherman Law, and therefore violates the "unlawful" prong of the UCL.

37.     Defendant leveraged its deception to induce Plaintiff and members of the Class to purchase Products that were of lesser value and quality than advertised. Defendant's deceptive advertising caused Plaintiff and members of the Class to suffer injury in fact and to lose money

or property, as it denied them the benefit of the bargain when they decided to purchase Defendant's Product over other products that are less expensive and contain virtually the same or immaterially different amounts of vanilla. Had Plaintiff and the members of the Class been aware of Defendant's false and misleading advertising tactics, they would not have purchased Defendant's Product at all, or would have paid less than what they did for it.

38. In accordance with California Business & Professions Code section 17203, Plaintiff seeks an order enjoining Defendant from continuing to conduct business through unlawful, unfair, and/or fraudulent acts and practices and to commence a corrective advertising campaign.

39. Plaintiff also seeks an order for the disgorgement and restitution of all monies from the sale of Defendant's Products that were unjustly acquired through acts of unlawful, unfair and/or fraudulent competition.

**SECOND CLAIM**

**(Violation of California Business & Professions Code §§ 17200, *et seq*. –**

**Unfair and Fraudulent Conduct Prong of the UCL)**

**On Behalf of Plaintiff and the Class**

40. Plaintiff incorporates by reference all of the allegations of the preceding paragraphs as if fully set forth herein.

41. California Business & Professions Code section 17200 prohibits any "unlawful, unfair or fraudulent business act or practice."

42. The false and misleading labeling of the Products, as alleged herein, constitutes "unfair" business acts and practices because such conduct is immoral, unscrupulous, and offends public policy. Further, the gravity of Defendant's conduct outweighs any conceivable benefit of such conduct.

43. The acts, omissions, misrepresentations, practices, and non-disclosures of Defendant as alleged herein constitute "fraudulent" business acts and practices, because Defendant's conduct is false and misleading to Plaintiff and members of the Class.

44. Defendant's labeling and marketing of the Products are likely to deceive Class Members about the flavoring source and amount of vanilla in the Product.

45. Defendant either knew or reasonably should have known that the claims and statements on the labels of the Products were likely to deceive consumers.

46. In accordance with California Business & Professions Code section 17203, Plaintiff seeks an order enjoining Defendant from continuing to conduct business through unlawful, unfair, and/or fraudulent acts and practices and to commence a corrective advertising campaign.

47. Plaintiff also seeks an order for the disgorgement and restitution of all monies from the sale of the Products that were unjustly acquired through acts of unlawful, unfair and/or fraudulent competition.

## THIRD CLAIM

**(False Advertising Law, Business and Professions Code § 17500, *et seq*.)**

**On Behalf of Plaintiff and the Class**

48. Plaintiff repeats each and every allegation contained in the paragraphs above and incorporates such allegations by reference herein.

49. Plaintiff asserts this cause of action against Defendant for violations of California Business and Professions Code §17500, et seq. for misleading, deceptive, and untrue advertising.

50. At all material times, the Defendant engaged in a scheme of offering its Products bearing the Vanilla Label for sale to Plaintiff and other members of the Class by way of, *inter alia*, commercial marketing and advertising, product packaging and labeling and other promotional materials. These materials misrepresented and/or omitted the true nature and quality of Products. Said advertisements and inducements were made within the State of California and come within the definition of advertising as contained in Business and Professions Code §17500, *et seq.*, in that such promotional materials were intended as inducements to purchase Products bearing the Vanilla Label and are statements disseminated by Defendant to Plaintiff and the Class and were intended to reach members of the Class. Defendant knew, or in the exercise of reasonable care should have known, that these statements were misleading and deceptive.

51. In furtherance of said plan and scheme, Defendant has prepared and distributed within the State of California via commercial marketing and advertising, product packaging and labeling, and other promotional materials, statements that misleadingly and deceptively represent

that vanilla flavoring in the Products came exclusively from the vanilla plant, when, in fact, that was not true. Consumers, including Plaintiff, necessarily and reasonably relied on these materials, believing the Products bearing the Vanilla Label had vanilla flavor that came exclusively from the vanilla plant – which, is untrue. Consumers, including Plaintiff and the Class, were among the intended targets of such representations.

52. The above acts of the Defendant, in disseminating said misleading and deceptive statements throughout the State of California to consumers, including Plaintiff and members of the Class, were and are likely to deceive reasonable consumers, including Plaintiff and other members of the Class, by obfuscating the true nature and quality of the Products, all in violation of the "misleading prong" and "untrue prong" of California Business and Professions Code § 17500.

53. As a result of the above violations of the "misleading prong" and "untrue prong" of Business and Professions Code § 17500, *et seq.*, Defendant has been unjustly enriched at the expense of Plaintiff and the other members of the Class. Plaintiff and the Class, pursuant to Business and Professions Code § 17535, are entitled to an order of this Court enjoining such future conduct on the part of the Defendant and such other orders and judgments, which may be necessary to disgorge Defendant's ill-gotten gains and restore to any person in interest any money paid for the Products bearing the Vanilla Label as a result of the wrongful conduct of Defendant.

54. THEREFORE, Plaintiff prays for relief as set forth below.

### FOURTH CLAIM

**(Consumers Legal Remedies Act - Cal. Civ. Code §1750, *et seq.*)**

**On Behalf of Plaintiff and the Class**

55. Plaintiff realleges and incorporates by reference the paragraphs stated above in this Class Action Complaint as set forth herein.

56. This cause of action is brought pursuant to the CLRA, Cal. Civ. Code §1750, *et seq.*

57. Defendant's actions, representations and conduct have violated and continue to violate the CLRA, as they extend to transactions that are intended to result, or which have resulted, in the sale of lease of goods or services to consumers.

58.     Plaintiff and other Class Members are "consumers" as that term is defined by the CLRA in Cal. Civ. Code §1761(d).

59.     The Products bearing the Vanilla Label, which Plaintiff and other members of the Class purchased from Defendant, were "goods" within the meaning of Cal. Civ. Code §1761(a).

60.     By engaging in the actions, misrepresentations and misconduct set forth in this Class Action Complaint, Defendant has violated, and continues to violate the following sections of the CLRA:

- Section 1770(a)(2), which prohibits representing that goods have a particular composition or contents that they do not have;

- Section 1770(a)(5), which prohibits representing that goods have characteristics, uses, benefits or ingredients that they do not have;

- Section 1770(a)(7), which prohibits representing that goods are of a particular standard, quality, or grade if they are of another;

- Section 1770(a)(9), which prohibits advertising goods with intent not to sell them as advertised; and

- Section 1770(a)(16), which prohibits representing that the subject of a transaction has been supplied in accordance with a previous representation when it has not.

61.     Plaintiff requests that this Court enjoin the Defendant from continuing to employ the unlawful methods, acts and practices alleged herein pursuant to Cal. Civ. Code §1780. If Defendant is not restrained from engaging in these types of practices in the future, Plaintiff and other members of the Class will continue to suffer harm.

62.     On December 14, 2020, Plaintiff sent a letter to Defendant pursuant to Cal. Civ. Code §1782 that provided Defendant notice of the misconduct and requested that Defendant cure its misconduct within 30 days (the "CLRA Notice").

63.     By letter dated January 13, 2021 to counsel for Plaintiff, counsel for Defendant confirmed receipt of the CLRA Notice. Defendant has not corrected or remedied the unlawful conduct after receiving the CLRA Notice, and Defendant continues to engage therein.

64.     Plaintiff seeks injunctive relief, restitution, and damages for Defendant's violation of the CLRA.

65. THEREFORE, Plaintiff prays for relief as set forth below.

## **PRAYER FOR RELIEF**

THEREFORE, Plaintiff prays for judgment as follows:

1. Certification of the Class, certifying Plaintiff as representative of the Class and designating her counsel as counsel for the Class;
2. A declaration that Defendant has committed the violations alleged herein;
3. For restitution and disgorgement pursuant to, without limitation, the California Business & Professions Code §§ 17200, *et seq*. and 17500, *et seq*.;
4. For declaratory and injunctive relief pursuant to, without limitation, the California Business & Professions Code §§ 17200, *et seq*. and 17500, *et seq*.;
5. For injunctive relief, restitution, and damages pursuant to California Civil Code § 1780;
6. An award of compensatory damages, the amount of which is to be determined at trial;
7. For punitive damages;
8. For interest at the legal rate on the foregoing sums;
9. For attorneys' fees;
10. For costs of suit incurred; and
11. For such further relief as this Court may deem just and proper.

## **JURY TRIAL DEMANDED**

Plaintiff hereby demands a trial by jury of all claims and causes of action so triable in this lawsuit.

## **JURY DEMAND**

Plaintiffs demand a jury trial on all issues.

Date: January 26, 2020

Respectfully submitted,

**REESE LLP**

By: */s/ Sue J. Nam*
Sue J. Nam (State Bar No. 206729)
*snam@reesellp.com*
Michael R. Reese (State Bar No. 206773)
*mreese@reesellp.com*
100 West 93rd Street, 16th Floor
New York, New York 10025
Telephone: (212) 643-0500
Facsimile: (212) 253-4272

**REESE LLP**
George V. Granade (Cal. State Bar No. 316050)
*ggranade@reesellp.com*
8484 Wilshire Boulevard, Suite 515
Los Angeles, California 90211
Telephone: (310) 393-0070

**SHEEHAN & ASSOCIATES, P.C.**
Spencer Sheehan
*spencer@spencersheehan.com*
505 Northern Blvd Ste 311
Great Neck, New York 11021-5101
Telephone: (516) 303-0552

*Counsel for Plaintiff and the Proposed Class*