Reese LLP
George V. Granade (SBN 316050)
ggranade@reesellp.com
8484 Wilshire Boulevard, Suite 515
Los Angeles, California 90211
Telephone: (310) 393-0070
Facsimile: (212) 253-4272

Morrison & Foerster  LLP
Megan L. Whipp (SBN 319182)
mwhipp@mofo.com
707 Wilshire Boulevard
Los Angeles, California 90017-3543
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

*Attorneys for Plaintiff and the Proposed Class*

*Attorneys for Defendant*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Elena Nacarino, individually and on behalf of all others similarly situated,<br><br>                                        Plaintiff,<br><br>                        - against -<br><br>Chobani, LLC,<br><br>                                        Defendant | Case No. 3:20-cv-07437-EMC<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Judge: Hon. Edward Chen<br><br>Courtroom: 5<br><br>Date: July 15, 2021<br><br>Time: 1:30 p.m. |

The parties submit this JOINT CASE MANAGEMENT STATEMENT pursuant to Federal Rules of Civil Procedure 16 and 26(f), this Court's April 22, 2021 Order (Dkt. 29), and this District's Standing Order regarding Contents of Joint Case Management Statement.

1. <u>**Jurisdiction and Service**</u>

   A. **Joint Statement**

   Defendant Chobani, LLC ("Defendant") has been served in this proceeding. No remaining parties need to be served. Defendant does not contest personal jurisdiction. The parties agree that venue is proper.

**B.      Plaintiff's Additional Statement**

The Court has subject matter jurisdiction pursuant to the Class Action Fairness Act of 2005. The Court has subject matter jurisdiction over Plaintiff's claim for injunctive relief for the reasons set forth in Plaintiff's opposition to Defendant's motion to dismiss the Second Amended Complaint, ECF No. 33, at 22–24 (quoting *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 970 (9th Cir. 2018)).

**C.      Defendant's Additional Statement**

However, Defendant does not agree that this Court has subject matter jurisdiction as to Plaintiff's request for injunctive relief.  Furthermore, while the parties agree that venue is proper, Defendant contend that Plaintiff's counsel has engaged, and continues to engage, in forum shopping. Mr. Sheehan filed (and voluntarily dismissed) two suits against Defendant in the Southern District of New York, and recently filed yet another lawsuit against Defendant in New York state court asserting nearly identical claims against Defendant's oat yogurt product.  *See* Section 10, Related Cases.  Filing yet another lawsuit while this motion to dismiss is pending is nothing short of improper forum shopping.  *Lennard v. Yeung*, No. CV1009322-MMM-AGRx, 2011 WL 13217925, at *7 (C.D. Cal. Aug. 16, 2011) ("re-filing a complaint in a different court to gain a tactical advantage or otherwise benefit from more favorable law constitutes forum shopping").

**2.      Facts**

**A.      Plaintiff's Statement**

As alleged in the operative complaint, this is an action brought against Defendant for alleged violation of the consumer protection laws of California for Defendant's allegedly false, deceptive, and unlawful marketing and sales of its vanilla Greek yogurt ("Product").

Defendant misrepresents the key ingredient in the Product – vanilla. Laboratory test results evidence that the vanilla taste of the Product does not come exclusively, or even predominantly, from the vanilla bean but from non-vanilla and even artificial sources. This is material to consumers and in violation of California's consumer protection laws.

**JOINT CASE MANAGEMENT STATEMENT**

1

### B.      Defendant's Statement

This is a class action brought on behalf of a purported California class of consumers who purchased Defendant's Vanilla Blended Greek Yogurt product within the last four years.  Plaintiff alleges that the product labeling is deceptive because the name "vanilla" and the image of a vanilla flower and bean on the front label misled consumers into thinking that the flavor of the product comes exclusively from the vanilla bean.  The ingredients list on the package clearly indicates that the product contains "vanilla extract" and "natural flavors."

Plaintiff filed a Class Action Complaint on October 23, 2021 against Defendant (Dkt. 1), and a First Amended Class Action Complaint on January 26, 2021.  (Dkt. 21.)  Defendant filed a Motion to Dismiss on March 26, 2021 (Dkt. 23), after which Plaintiff filed a Second Amended Class Action Complaint on April 16, 2021.  (Dkt. 26.)

Defendant filed a Motion to Dismiss the Second Amended Complaint on May 14, 2021 ("Motion to Dismiss").  (Dkt. 30.)  Plaintiff filed an opposition to the Motion to Dismiss on June 11, 2021.  (Dkt. 33.)  Defendant filed a reply in support of the Motion to Dismiss on June 25, 2021. (Dkt. 36.)  The Motion to Dismiss is currently pending before the Court and is set for a hearing on July 15, 2021.

Defendant denies the claims set forth in Plaintiff's Second Amended Complaint for the reasons stated in its pending Motion to Dismiss, among other reasons.  Specifically, Defendant denies that it made any misrepresentation and contends that Plaintiff's claims are entirely baseless because that the product does in fact contain vanilla extract, an ingredient derived from the vanilla bean, and the ingredients list includes "natural flavors."  Thus, Plaintiff fails to plausibly allege that a reasonable consumer would not be deceived by the labeling of the product into thinking that the product's flavor comes *exclusively* from vanilla bean.

### 3.      <u>Legal Issues</u>

### A.      Plaintiff's Position

Plaintiff believes numerous issues of fact preclude dismissal. The Complaint plausibly alleges Defendant's representations violate the consumer protection laws of this state.

3

1

### B.    Defendant's Position

Despite three bites at the apple, Plaintiff's Second Amended Complaint suffers from the following deficiencies set forth in Defendant's motion to dismiss: (1) Plaintiff does not plausibly allege a theory of deception and reliance in light of the fact that the product does in fact contain vanilla extract, an ingredient derived from the vanilla bean, and the ingredients list includes "natural flavors"; (2) a reasonable consumer would not be deceived by the labeling of the product into thinking that the product's vanilla flavor comes *exclusively* from vanilla bean; (3) Plaintiff fails to plead her claims with the heightened particularity required by Rule 9(b), because she fails to allege which product(s) she purchased or reliance on the product labels, provide sufficient details about her purchase, or explain her speculative interpretation of the product's label; (4) Plaintiff's claims are expressly preempted by FDA regulations as she provides no plausible basis to require Defendant to call the product something other than "vanilla"; (5) Plaintiff lacks standing to pursue injunctive relief because she has alleged only a conditional desire to purchase the product in the future and knows the product contains vanilla extract and natural flavors; and (vi) Plaintiff's equitable claims should be dismissed under *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 845 (9th Cir. 2020), because she seeks damages and accordingly cannot allege that she lacks an adequate remedy at law. (*See* Dkt. 30.)

The case involves the following additional issues: (i) whether Plaintiff's purported class is ascertainable and sufficiently numerous; (ii) whether there are common questions as to law and fact among the class; (iii) whether Plaintiff asserts claims that are typical of the class; (iv) whether Plaintiff is an adequate class representative; (v) whether questions of law and fact substantially predominate over individual issues; (vi) whether a class action is superior to other methods of adjudication; and (vii) whether Plaintiff has suffered an injury by purchasing the products.

### 4.    Motions

Defendant filed a motion to dismiss the Complaint on May 14, 2021 ("Defendant's Motion").  On June 11, 2021 Plaintiff filed her opposition to Defendant's Motion ("Plaintiff's Opposition").  Defendant filed its reply on June 25, 2021 ("Defendant's Reply"). The hearing on

4

**JOINT CASE MANAGEMENT STATEMENT**

Defendant's Motion to Dismiss will be held July 15, 2021, at 1:30 p.m.  The parties do not foresee motions seeking to add parties or claims, amend pleadings or transfer venue.

Plaintiff will file a motion for class certification and possibly a motion for summary judgment.  Should this case continue beyond the motion to dismiss stage, Defendant intends to oppose any motion for class certification and file a motion for summary judgment.

**5.** **Amendment of Pleadings**

Plaintiff does not intend to amend the pleadings. *See* Section 4 (Motions), above.

**6.** **Evidence Preservation**

Defendant and Plaintiff have each represented that steps have been taken to preserve evidence relevant to this litigation.

Defendant has represented that it has distributed document retention notices to appropriate document custodians requiring affirmative steps to retain relevant documents or discoverable evidence in its possession, custody, or control.

The parties will continue to discuss whether and to what extent any additional steps may be necessary to ensure the preservation of relevant evidence.  Should this case continue past the motion to dismiss stage, the parties will meet and confer regarding the scope and nature of electronic discovery in this case as required by and consistent with applicable law and the local rules.  If the parties are unable to reach an understanding on evidence preservation or electronic discovery, the disputed matter will be submitted to the Court for a formal order.

**7.** **Disclosures**

Plaintiff proposes that the parties exchange initial disclosures by July 23, 2021.

Defendant's position is that initial disclosures should be exchanged two weeks after Defendant files an answer to the operative complaint, should this case continue beyond the motion to dismiss stage.

**8.** **Discovery**

Neither party has served any formal discovery.  The parties have reviewed the ESI Guidelines regarding electronically stored information and will confer regarding discovery.

**JOINT CASE MANAGEMENT STATEMENT**

Because discovery in this action is likely to involve the production of confidential information, the parties anticipate filing a Stipulated Protective Order, and intend to work together cooperatively to reach agreement on the terms of that Order. The parties are conferring regarding the form of Order now and will submit an Order for the Court's consideration and entry. The parties believe that the limits on discovery set by the Federal Rules of Civil Procedure are appropriate.

### A.    Plaintiff's Statement

Plaintiff will issue document requests, interrogatories, and requests for admission. Plaintiff will also depose corporate representatives of Defendant pursuant to Federal Civil Procedure Rule 30(b)(6) as well as employees of Defendant in their individual capacity. Plaintiff will depose any experts that Defendant will use in this matter.

The subjects of Plaintiff's discovery may include, among other subjects, the marketing and labeling of the Product; Defendant's studies of consumer interpretation of the labels; and Defendant's pricing of the Products.

### B.    Defendant's Statement

With a pending motion to dismiss, it is premature to discuss the format and scope of discovery at this time. Discovery should not commence until after the Court has ruled on Defendant's motion. *See Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987) (idea that party may conduct discovery at pleadings stage is "unsupported and defies common sense"; defendants must be able "to challenge the legal sufficiency of complaints without subjecting themselves to discovery"); *Cellwitch, Inc. v. Tile, Inc.*, No. 4:19-CV-01315, 2019 WL 5394848, at *2 (N.D. Cal. Oct. 22, 2019) (granting motion to stay discovery pending the court's decision on the defendant's motion to dismiss in the "interest of judicial efficiency and conserving the Court's resources").

Should this case continue beyond the motion to dismiss stage, Defendant reserves the right to request bifurcation of discovery, and plans to serve written discovery on Plaintiff and take depositions.

### 9.    <u>Class Action</u>

**JOINT CASE MANAGEMENT STATEMENT**

The parties have reviewed the Procedural Guidance for Class Action Settlements.

### A.      Plaintiff's Position

Plaintiff contends that this action is maintainable as a class action under Rule 23(a), (b)(2), and (b)(3).  Plaintiff's proposed briefing schedule is set forth in section 18 below.

### B.      Defendant's Position

It is premature to set class certification dates until the pending motion to dismiss is decided, for the same reasons that it would be premature to participate in mediation until such time as the Court rules.  (*See* Section 12, below.)  Furthermore, it may be that the next order of business should be summary judgment and not class certification.  Defendant respectfully suggests that the Court convene a new case management conference after issuing its decision on the motion to dismiss.  At the appropriate time to set a schedule, Defendant believes that the briefing schedule on any motion for class certification should reflect the amount of time necessary to conduct expert and factual discovery.  Consequently, any class certification schedule that is set should afford Defendant at least 60 days from the date of the motion to prepare its opposition.

### 10.     <u>Related Cases</u>

#### A.      Plaintiff's Statement

Plaintiff is not aware of any related cases.

#### B.      Defendant's Statement

Plaintiff's counsel Spencer Sheehan has filed over 120 copycat class-action complaints against "vanilla" products over their flavoring.  In each complaint, Plaintiff's counsel's theory is the same: the food manufacturer has allegedly misled consumers by calling a product "vanilla" when the product's vanilla flavoring is not derived exclusively from vanilla bean.  Courts across the country (including in this District) have rejected these claims, finding that no reasonable consumer would share Plaintiff's counsel's manufactured theory of deception.  Indeed, of the 120-plus cases filed by Mr. Sheehan, at least seventeen have generated opinions on motions to dismiss, but only ***three*** have survived a motion to dismiss.  *See, e.g.*, *Robie v. Trade Joe's Company*, Case No. 20-cv-07355-JSW (N.D. Cal. June 14, 2021) (holding the plaintiff failed to allege that reasonable

**JOINT CASE MANAGEMENT STATEMENT**

consumers would interpret "vanilla" on the label to mean the flavor was derived exclusively from the vanilla plant); *Clark v. Westbrae Natural, Inc.*, No. 20-cv-03221-JSC, 2021 WL 1580827, at *2 (N.D. Cal. Apr. 22, 2021) (same); *Harris v. McDonald's Corp.*, No. 20-CV-06533-RS, 2021 WL 2172833, at *2 (N.D. Cal. Mar. 24, 2021) (same) *compare with Sharpe v. A&W Concentrate Co.*, 481 F. Supp. 3d 94, 102 (E.D.N.Y. 2020) (denying motion to dismiss claims relating to *ingredient* claim "Made with Aged Vanilla"); *Dailey v. A&W Concentrate Co.*, No. 20-CV-02732-JST, 2021 WL 777114, at *2 (N.D. Cal. Feb. 16, 2021) (same); *Vizcarra v. Unilever United States, Inc.*, No. 4:20-CV-02777-YGR, 2020 WL 4016810, at *1 (N.D. Cal. July 16, 2020) (denying motion to dismiss "natural vanilla" claims where the defendant did not challenge plausibility of Plaintiff's theory).

Mr. Sheehan has also engaged in a crusade against Defendant.  Just over a year ago, Mr. Sheehan filed two suits against Defendant in the Southern District of New York, making the same claims as those asserted here.  After Defendant sought permission to move to dismiss, Mr. Sheehan voluntarily dismissed the suits and refiled in this Court.  Mr. Sheehan filed a fourth lawsuit against Defendant on June 13, 2021, this time in New York state court, making the same claims against Defendant's vanilla oat yogurt product.  *See Bannister v. Chobani, LLC*, Case No. 514246/2021 (N.Y. Sup. Ct. June 13, 2021).

None of these cases have been related to this case or to the others.

**11.**   **Relief**

    **A.**   **Plaintiff's Statement**

Plaintiff seeks monetary and injunctive relief. Plaintiff intends to utilize damage experts to determine the amount of relief.

    **B.**   **Defendant's Statement**

Defendant denies that Plaintiff or the proposed classes are entitled to any relief in this action.

**12.**   **Settlement and ADR**

The parties have not discussed settlement at this point.  The parties believe that at a later stage of the action, settlement discussions may be appropriate.  This could include a conference with

a Magistrate or private mediation.  Defendant prefers mediation after a decision on the motion to dismiss, class certification or summary judgment.

### 13. Consent to a Magistrate Judge for All Purposes

One or more parties have declined consent to proceed before a Magistrate.

### 14. Other References

The parties do not believe that the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

### 15. Narrowing of the Issues

The parties do not believe any issue can be narrowed at this juncture, except as set forth in Defendant's pending motion to dismiss.

### 16. Expedited Trial Procedure

The parties do not believe that the case can be handled under an expedited trial procedure.

### 17. Scheduling

#### A. Plaintiff's Proposed Schedule

| Event | Proposed Schedule |
|---|---|
| Deadline to Join Parties | 45 days after Defendant files an answer to the operative complaint |
| Deadline to Amend Pleadings | 60 days prior to trial |
| Deadline for Plaintiff to File Motion for Class Certification | 210 days after ruling on Defendant's Rule 12 motion to dismiss |
| Deadline to Complete Depositions & Document Production of Plaintiff's Experts re: Class Certification | 30 days after filing motion for class certification |
| Deadline for Opposition to Motion for Class Certification | 60 days after filing motion for class certification |

9

**JOINT CASE MANAGEMENT STATEMENT**

| Deadline to Complete Depositions & Document Production of Plaintiff's Experts re: Class Certification | 30 days after filing opposition to motion for class certification |
|---|---|
| Deadline for Plaintiff to File Reply in Support of Class Certification | 60 days after Defendant files opposition to motion for class certification |
| Class Certification Hearing | Pursuant to Court's Schedule |
| Deadline to Complete Fact Discovery | 90 days after ruling on class certification |
| Last Day for Parties to Exchange Rule 26(a)(2) Initial Expert Disclosures | 120 days after ruling on class certification |
| Last Day for Parties to Exchange Rule 26(a)(2) Counter Expert Designations | 150 days after ruling on class certification |
| Last Day to Complete Expert Depositions and Document Production | 180 days after ruling on class certification |
| Deadline to File Dispositive Motions | 30 days after completion of expert discovery |
| Pre-Trial Conference | 30 days after ruling on dispositive motions |
| Trial | TBD |

### B.    Defendant's Position

In light of the strong bases for its motion to dismiss and the many similar cases dismissed by federal courts around the country, including in this District, Defendant submits that it is premature to discuss scheduling until resolution of the motion to dismiss. Should the Court deny Defendant's motion to dismiss, the parties will meet and confer and submit a case management proposed schedule.

### 18.    **Trial**

Plaintiff has demanded a jury trial on all matters so triable. The parties anticipate a trial of

**JOINT CASE MANAGEMENT STATEMENT**

five to seven days.  Defendant respectfully submits that it is premature to set trial dates or estimate the length of trial.

      **19.**    **<u>Disclosure of Non-party Interested Entities</u>**

      The parties have filed Certifications of Interested Entities or Persons.  As required by the General Order, the parties restate their disclosure statements and certificate of interested entities as follows:

      Plaintiff: Elena Nacarino.

      Defendant: Defendant filed a Corporate Disclosure Statement and Certificate of Interested Parties on December 11, 2020.  (Dkt. 13.)  Defendant restates that other than the named parties, there are no interested parties, and that Defendant has no parent corporation, and no public corporation owns ten percent or more of its stock.

      **20.**    **<u>Professional Conduct</u>**

      All attorneys of record have reviewed the Guidelines for Professional Conduct for the Northern District of California.

      **21.**    **<u>Other Matters</u>**

      The parties are not currently aware of any other issues affecting the status or management of the case at this time.

Date:      July 8, 2021

                                Respectfully submitted,

Reese LLP                          Morrison & Foerster  LLP

/s/ George V. Granade             /s/ Megan L. Whipp

| | |
|---|---|
| George V. Granade (SBN 316050) | Megan L. Whipp (SBN 319182) |
| ggranade@reesellp.com | mwhipp@mofo.com |
| 8484 Wilshire Boulevard, Suite 515 | 707 Wilshire Boulevard |
| Los Angeles, California 90211 | Los Angeles, CA 90017-3543 |
| Telephone: (310) 393-0070 | Telephone: (415) 268-7000 |
| Facsimile: (212) 253-4272 | Facsimile: (415) 268-7522 |

*Attorneys for Plaintiff and the Proposed Class*    *Attorneys for Defendant*

11

**JOINT CASE MANAGEMENT STATEMENT**

1

## **ATTORNEY ATTESTATION**

2          I, George V. Granade, am the ECF user whose identification and password are being used

3  to file this Joint Case Management Statement. In compliance with Local Rule 5-1(i)(3), I hereby

4  attest that concurrence in the filing of the document has been obtained from the other signatory.

5                                                          /s/ George V. Granade
                                                           George V. Granade
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                                    12