CLAUDIA M. VETESI (CA SBN 233485)
CVetesi@mofo.com
MEGAN L. WHIPP (CA SBN 319182)
MWhipp@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482, U.S.A.
Telephone: 415.268.7000
Facsimile: 415.268.7522

JAMIE A. LEVITT (*pro hac vice*)
JLevitt@mofo.com
MORRISON & FOERSTER LLP
250 West 55th Street
New York, New York 10019-9601, U.S.A.
Telephone: 212.468.8000
Facsimile: 212.468.7900

Attorneys for Defendant
CHOBANI LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ELENA NACARINO, on behalf of herself and all others similarly situated,<br><br>             Plaintiff,<br><br>    v.<br><br>CHOBANI LLC,<br><br>             Defendant. | Case No.    20-cv-7437-EMC<br><br>CLASS ACTION<br><br>**NOTICE OF MOTION AND MOTION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT CHOBANI LLC'S MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED CLASS ACTION COMPLAINT**<br><br>Date:    December 16, 2021<br>Time:    1:30 p.m. |

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## NOTICE OF MOTION AND MOTION

**TO PLAINTIFF AND HER ATTORENYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** on December 16, 2021 at 1:30 p.m., or as soon thereafter as the matter may be heard, in the United States District Court, Northern District of California, San Francisco Division, located at 450 Golden Gate Avenue, San Francisco, CA 94102, before the Honorable Edward M. Chen, defendant Chobani LLC ("Chobani") will and hereby does move to dismiss the Third Amended Class Action Complaint of Plaintiff Elena Nacarino pursuant to (i) Fed. R. Civ. P. 12(b)(1) for lack of standing; (ii) Fed. R. Civ. P. 12(b)(6) and 9(b) on the grounds that the Third Amended Complaint fails to state a claim upon which relief can be granted; and (iii) Fed. R. Civ. P. 12(f) on the grounds that Plaintiff's allegation that the vanilla flavor is not "independently derived" from the vanilla plant exceeds the scope of the Court's order granting limited leave to amend.

This motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities and on such other written and oral argument as may be presented to the Court.

Dated: October 13, 2021

JAMIE LEVITT
CLAUDIA M. VETESI
MEGAN L. WHIPP
MORRISON & FOERSTER LLP

By:   */s/ Jamie Levitt*
JAMIE LEVITT

Attorneys for Defendant
CHOBANI LLC

# TABLE OF CONTENTS

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES ............................................................ 1

I.      INTRODUCTION ........................................................................................................ 1

II.     BACKGROUND ......................................................................................................... 3

        A.      Plaintiff's Counsel's "Vanilla" Campaign and Lawsuit Against Chobani ............ 3

        B.      The Court Dismissed Plaintiff's Theory of Deception as Implausible as a
                Matter of Law ...................................................................................................... 4

        C.      The TAC Still Fails To Allege that Monetary Damages are Inadequate, and
                Goes Beyond the Court's Leave To Amend ........................................................ 4

III.    LEGAL STANDARD .................................................................................................. 5

IV.     ARGUMENT .............................................................................................................. 6

        A.      Plaintiff Fails to Show that She Lacks an Adequate Remedy at Law .................... 7

        B.      The Court Should Also Dismiss Plaintiff's Remaining Claim for Injunctive
                Relief Under the UCL Because She Lacks Standing Under Recent Ninth
                Circuit Case Law ................................................................................................ 10

        C.      If the Court Does Not Dismiss Plaintiff's UCL Claim in Its Entirety, It
                Should Strike Plaintiff's New Allegations As Outside the Scope of the
                Court's Order ..................................................................................................... 12

        D.      The Court Should Dismiss Plaintiff's UCL Claim in Its Entirety for the
                Independent Reason that She Fails to State a Claim Under the UCL's
                Unlawful Prong .................................................................................................. 14

                1.      Plaintiff's TAC fails to plausibly allege that her reliance on the
                        Product label caused her to be deceived such that she suffered an
                        injury-in-fact .......................................................................................... 14

                2.      Plaintiff's pleading deficiencies fail to satisfy the heightened
                        pleading standard of Rule 9(b) ............................................................... 17

V.      CONCLUSION ......................................................................................................... 19

1

# TABLE OF AUTHORITIES

2

Page(s)

3

**Cases**

4

*Anderson v. Apple Inc.*,
5      500 F. Supp. 3d 993 (N.D. Cal. 2020) ..................................................................................8

6  *Andrew W. v. Menlo Park City School Dist.*,
     C-10-0292 MMC, 2010 WL 3001216 (N.D. Cal. July 29, 2010)............................................13
7
*Arroyo v. Pfizer, Inc.*,
8      No. C-12-4030 EMC, 2013 WL 415607 (N.D. Cal. Jan. 31, 2013) ........................................17

9  *Ashcroft v. Iqbal*,
     556 U.S. 662 (2009) ...............................................................................................................6
10
*Beltran v. Avon Prods., Inc.*,
11     No. SACV 12-02502-CJC, 2012 WL 12303423 (C.D. Cal. Sept. 20, 2012) ..........................18

12 *Chavez v. Nestle USA, Inc.*,
     No. CV 09-9192-GW, 2011 WL 10565797 (C.D. Cal. Jan. 10, 2011)....................................19
13
*Clark v. Westbrae Nat., Inc.*, No. 20-cv-02331, 2021 WL 1580827
14     (N.D. Cal. Apr. 22, 2021) ("*Clark II*").............................................................................15, 17
15
*Cover v. Windsor Surry Co.*,
16     No. 14-cv-05262-WHO, 2016 WL 3421361 (N.D. Cal. June 22, 2016) ................................13

17 *Davidson v. Kimberly-Clark Corp.*,
     889 F.3d 956 (9th Cir. 2018)..................................................................................................10
18
*Durell v. Sharp Healthcare*,
19     183 Cal. App. 4th 1350 (2010)...............................................................................................15

20 *Fahey v. Whole Foods Market, Inc.*,
     No. 20-cv-06737, 2021 WL 2816919 (N.D. Cal. June 30, 2021)............................................17
21
*Ferreri v. Chobani LLC*,
22     No. 1:20-cv-02161-JGK (S.D.N.Y., filed Mar. 10, 2020) .......................................................3
23
*Gerard v. Wells Fargo Bank, N.A.*,
24     No. CV 14-03935 MMM, 2015 WL 12791416 (C.D. Cal. Jan. 22, 2015)..............................13

25 *Gibson v. Jaguar Land Rover N. Am., LLC*,
     No. CV 20-00769-CJC, 2020 WL 5492990 (C.D. Cal. Sept. 9, 2020)......................................9
26
*Granfield v. NVIDIA Corp.*,
27     No. C 11-05403 JW, 2012 WL 2847575 (N.D. Cal. July 11, 2012)........................................18
28

*Great Pac. Sec. v. Barclays Capital, Inc.*,
743 F. App'x 780 (9th Cir. 2018) ........................................................14

*Guzman v. Polaris Indus. Inc.*,
No. 8:19-cv-01543-FLA (KESx), 2021 WL 2021454
(C.D. Cal. May 12, 2021)...................................................................8

*Harris v. McDonald's Corp.*,
No. 20-CV-06533-RS, 2021 WL 2172833 (N.D. Cal. Mar. 24, 2021).....................16

*Herrera v. Estee Lauder Cos.*,
No. SACV 12-01169-CJC, 2012 WL 12507876 (C.D. Cal. Sept. 20, 2012) ...............18

*In re Coca-Cola Products Marketing & Sales Practices Litigation (No. II)*,
No. 20-15742, 2021 WL 3878654 (9th Cir. Aug. 31, 2021).....................2, 7, 10, 11

*In re MacBook Keyboard Litig.*,
No. 5:18-cv-02813-EJD, 2020 WL 6047253 (N.D. Cal. Oct. 13, 2020) ...................9

*In re Volkswagen "Clean Diesel" Mktg., Sales Practices, & Prods. Liab. Litig.*,
349 F. Supp. 3d 881 (N.D. Cal. 2018) .....................................................18

*Ivie v. Kraft Foods Glob., Inc.*,
No. C 12-02554-RMW, 2015 WL 183910 (N.D. Cal. Jan. 14, 2015) ......................9

*Kearns v. Ford Motor Co.*,
567 F.3d 1120 (9th Cir. 2009)..............................................................19

*Kwikset Corp. v. Super. Ct.*,
51 Cal.4th 310 (2011) .....................................................................14

*Levitt v. Yelp! Inc.*,
765 F.3d 1123 (9th Cir. 2014)..............................................................5

*Nacarino v. Kashi Co.*,
No. 3:21-cv-07036-JSC (N.D. Cal.) ........................................................1

*Novak v. U.S.*,
795 F.3d 1012 (9th Cir. 2015)..............................................................6

*Pardini v. Unilever U.S., Inc.*,
961 F. Supp. 2d 1048 (N.D. Cal. 2013) ...................................................15

*Raiser v. City of Los Angeles*,
No. CV 13-2925 RGK (RZ), 2014 WL 794786 (C.D. Cal. Feb. 26, 2014)............13, 14

*Richardson v. Reliance Nat'l Indem. Co.*,
No. C 99-2952 CRB, 2000 WL 284211 (N.D. Cal. Mar. 9, 2000) .........................17

*Robie v. Trader Joe's Company*,
    No. 20-cv-07255-JSW, 2021 WL 2548960 (N.D. Cal. June 14, 2021) ............................8, 9, 16

*Sharma v. Volkswagen AG*,
    No. 20-cv-02394-JST, 2021 WL 912271 (N.D. Cal. Mar. 9, 2021) ...........................................9

*Swartz v. KPMG LLP*,
    476 F.3d 756 (9th Cir. 2007)..............................................................................................6

*Swearingen v. Late July Snacks LLC*,
    No. 13-cv-04324-EMC, 2017 WL 4641896 (N.D. Cal. Oct. 16, 2017) ............................14, 15

*TransUnion LLC v. Ramirez*,
    141 S. Ct. 2190 (2021) .....................................................................................................11

*Vess v. Ciba-Geigy Corp. USA*,
    317 F.3d 1097 (9th Cir. 2003)......................................................................................6, 17

*Yetter v. Ford Motor Co.*,
    No. 19-CV-00877-LHK, 2019 WL 3254249 (N.D. Cal. July 19, 2019) .................................19

**Rule and Statutes**

Cal. Bus. & Prof. Code § 17204 ................................................................................................14, 15

Fed. R. Civ. P. 8(a)(2) ......................................................................................................................5

Fed. R. Civ. P. 12(b)(6)....................................................................................................................5

Fed. R. Civ. P. 12(f) .......................................................................................................................13

Fed. R. Civ. P. 15(a)(1) ...................................................................................................................13

Fed. R. Civ. P. 15(a)(2) ...................................................................................................................13

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### STATEMENT OF THE ISSUES TO BE DECIDED

This Motion raises the following issues:

1.      Should the Court again dismiss Plaintiff's claim for equitable restitution because she still fails to allege in her Third Amended Complaint that she lacks an adequate remedy at law as required by the Court's August 9, 2021 Order?

2.      Does Plaintiff lack standing under intervening authority, *In re Coca-Cola Products Marketing & Sales Practices Litigation (No. II)*, No. 20-15742, 2021 WL 3878654 (9th Cir. Aug. 31, 2021), to pursue injunctive relief because she has alleged only a conditional desire to purchase a reformulated or relabeled Product in the future?

3.      Should the Court strike Plaintiff's new allegations that the vanilla flavor is "independently derived" from the vanilla plant as improper because they are outside the scope of the Court's Order granting limited leave to amend to attempt to "plead the inadequacy of legal remedies with respect to [Plaintiff's] request for equitable restitution"?

4.      Does Plaintiff fail to plausibly allege a theory of deception and reliance because she cannot plausibly allege that she relied on the Product label to believe the vanilla flavor was "independently derived" from the vanilla plant, and therefore, fails to state a claim under the unlawful prong of California's Unfair Competition Law under Rule 8 and 9(b)?

1

**MEMORANDUM OF POINTS AND AUTHORITIES**

2

## I.     INTRODUCTION

3

In her now-fourth complaint, Plaintiff Elena Nacarino[1] alleges that she was duped into

4

purchasing a 32-ounce container of Chobani's "Greek Yogurt Vanilla Blended" ("Product")

5

based on her belief that "the characterizing flavor of the Product was vanilla and that the vanilla

6

flavor came independently from the vanilla plant," when instead, the Product—which contains

7

real vanilla extract—also "contains other non-vanilla plant flavoring."  (Third Amended

8

Complaint ("TAC") ¶¶ 7, 33.)

9

The Court rejected the theory of deception that Plaintiff advanced in her Second Amended

10

Complaint ("SAC")—that she somehow thought that the vanilla flavor in the Product came

11

"exclusively" from the vanilla bean—as implausible, holding that the term "vanilla" on vanilla-

12

flavored products indicates *flavor* and not an ingredient source.  (Order on Motion to Dismiss

13

Second Amended Complaint ("Order") at 10.)  The Court, however, permitted Plaintiff's UCL

14

unlawful prong claim to proceed solely for injunctive relief.  The Court dismissed Plaintiff's

15

claim for equitable restitution because she failed to allege that damages were inadequate, *e.g.*, that

16

she would receive less compensation via damages than restitution, but allowed her narrow leave

17

to "plead the inadequacy of legal remedies with respect to her request for equitable restitution."

18

(*Id.* at 23.)

19

In response to the Court's order, Plaintiff filed the TAC, asserting a single claim under the

20

unlawful prong of California's Unfair Competition Law ("UCL") and seeking restitution and

21

injunctive relief.  The only amendment that Plaintiff made relating to her claim for restitution is a

22

single, conclusory legal assertion that she "lacks an adequate remedy at law because the UCL, the

23

only claim brought by Plaintiff, does not provide for damages."  (TAC ¶ 53.)  Plaintiff, however,

24

fails to allege *why* monetary damages are inadequate, as required by the Court's order.  Instead,

25

Plaintiff now alleges that the Product label falsely represents that the vanilla flavor is

26

27

28

---

[1] Ms. Nacarino is also the named plaintiff in *Nacarino v. Kashi Co.*, No. 3:21-cv-07036-JSC (N.D. Cal.), a class action lawsuit filed on September 10, 2021, in which she alleges that the defendant's cereal products are deceptively labeled because they do not deliver the amount of protein that the labels claim.

"independently derived" from the vanilla plant, as opposed to "exclusively" derived from the vanilla plant.  (*Compare* TAC ¶ 8 and SAC ¶ 8.)

As described below, the Court should dismiss Plaintiff's claim in its entirety or, in the alternative, narrow the claim in several ways.

*First*, as an initial matter, the Court should dismiss Plaintiff's claim for equitable restitution, as she has again failed to allege why monetary damages are inadequate, as required by the Court's Order.  Plaintiff alleges that she was injured as a result of her reliance on Chobani's representations and that "[h]ad [she] known the truth[,]…Plaintiff would not have purchased the Product at a premium price or bought the Product at all."  (TAC ¶ 34.)  In other words, Plaintiff's only alleged harm is measured by the price of the Product and compensable through money damages.

*Second*, regardless of how the Court rules on the issue of restitution, Plaintiff lacks standing to bring her UCL unlawful claim for injunctive relief.  After this Court issued its decision on Chobani's motion to dismiss, the Ninth Circuit held that "an abstract interest in compliance with labeling requirements is insufficient, standing alone, to establish Article III standing," and that "the imminent injury requirement is not met by alleging that the plaintiffs would *consider* purchasing [the product.]"  *In re Coca-Cola Prods. Mktg. & Sales Practices Litig. (No. II)*, No. 20-15742, 2021 WL 3878654, at *2 (9th Cir. Aug. 31, 2021).  Plaintiff's allegation that she would purchase the Product *if* it were either reformulated or relabeled (TAC ¶ 8) is insufficient to establish Article III standing for injunctive relief.  Because Plaintiff's requests for restitution and injunctive relief *both* fail as a matter of law, the Court should dismiss Plaintiff's TAC in its entirety.

*Third*, if the Court declines to dismiss the TAC, it should strike Plaintiff's new allegations that far exceed the scope of the Court's Order granting leave to amend.  Plaintiff's revised allegations that the Product label violates FDA regulations because the vanilla flavor "is not *independently derived* from the vanilla plant," (*see* TAC ¶ 7 (emphasis added)), are made without leave of Court as required by Federal Rule of Civil Procedure 15, and should be struck as improper under Federal Rule of Civil Procedure 12(f).

1   ***Fourth***, there is an independent ground for dismissal of the TAC in its entirety: Plaintiff

2   fails to plausibly allege a violation of the UCL's unlawful prong, which requires that Plaintiff

3   allege actual reliance and a resulting injury-in-fact.  Plaintiff provides nothing more than

4   conclusory allegations that she read and relied on the label to believe that the Product's vanilla

5   flavor is "independently derived" from the vanilla plant, was deceived, and therefore injured.

6   This Court already found Plaintiff's theory that "vanilla" flavored means the flavor comes

7   "exclusively" from the vanilla bean to be implausible.  And her new allegation, that the vanilla

8   flavor is "independently derived" from the vanilla plant, fares no better.  When presented with

9   other "vanilla" lawsuits brought by Plaintiff's counsel under the same theories presented in the

10  TAC, courts in the Northern District of California have dismissed claims under all three prongs of

11  the UCL, including the unlawful prong, based on implausibility.

12      For these reasons, the Court should dismiss Plaintiff's TAC in its entirety with prejudice

13  or strike Plaintiff's improper amendments.

14  **II.      BACKGROUND**

15      **A.      Plaintiff's Counsel's "Vanilla" Campaign and Lawsuit Against Chobani**

16      This lawsuit is one of at least 122 copycat class actions that Plaintiff's counsel Spencer

17  Sheehan has filed in at least six judicial districts, asserting that food manufacturers have deceived

18  consumers by labeling products "vanilla" when the product's vanilla flavoring is not derived

19  entirely from the vanilla bean.  Plaintiff's counsel originally filed a complaint against Chobani in

20  the Southern District of New York, (*see Ferreri v. Chobani LLC*, No. 1:20-cv-02161-JGK

21  (S.D.N.Y., filed Mar. 10, 2020)), alleging that calling the Greek yogurt product "vanilla" was

22  misleading because "the Product contains non-vanilla flavors which imitate and extend vanilla

23  but are not derived from the vanilla bean…" (*Id.*, ECF No. 1, ¶ 4.)  When confronted with a

24  motion to dismiss, Plaintiff's counsel voluntarily dismissed the case without explanation.  (*Id.*,

25  ECF No. 16.)

26      Plaintiff's counsel filed this case on behalf of Plaintiff Elena Nacarino and a purported

27  class of California consumers on October 23, 2020.  In her first three complaints, Plaintiff

28  asserted the same flawed theory dismissed by this Court and many others: that the Product's name

and labeling led her to believe that "the vanilla flavor came *exclusively* from the vanilla plant." (*Compare* Compl. ¶ 7, First Amended Complaint ("FAC") ¶ 7, and SAC ¶ 8 (emphasis added).) Plaintiff brought claims under (1) the unlawful prong of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 *et seq.*; (2) the unfair and fraudulent prongs of the UCL; (3) California's False Advertising Law ("FAL"), Cal. Bus. & Prof. Code §§ 17500 *et seq.*; and (4) California's Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1750 *et seq.* Plaintiff sought declaratory relief, restitution and disgorgement, injunctive relief, compensatory and punitive damages, and attorneys' fees and costs.

On May 14, 2021, Chobani filed a motion to dismiss the SAC for failure to state a claim, preemption, lack of standing, and failure to allege an inadequate remedy at law.  (ECF No. 30.)

**B.     The Court Dismissed Plaintiff's Theory of Deception as Implausible as a Matter of Law**

On August 9, 2021, the Court held that no reasonable consumer would take the Product's vanilla imagery as indicating that the Product's flavor is derived *exclusively* from the vanilla plant, as the Product does not display any statements "even arguably conveying that vanilla bean or extract is the exclusive source of its vanilla flavor." (Order at 11-12.)  Recognizing the futility of further amendment, the Court dismissed Plaintiff's claims under the unfair and fraudulent prongs of the UCL, the FAL, and the CLRA *with prejudice*.  (*Id.* at 23.)  The Court also dismissed Plaintiff's request for equitable relief because "she ha[d] not demonstrated that there is an *inherent limitation* of the legal remedy."  (*Id.* at 22 (emphasis added).)  The Court granted Plaintiff limited leave to amend "to plead that damages are inadequate and that she is thus entitled to seek equitable restitution under the UCL's unlawful prong."  (*Id.* at 23.)  Thus, the Court permitted only Plaintiff's UCL unlawful prong claim to proceed, and only as to her request for injunctive relief.  (*Id.*)

**C.     The TAC Still Fails To Allege that Monetary Damages are Inadequate, and Goes Beyond the Court's Leave To Amend**

In response to the Court's leave to amend, Plaintiff added only a single, conclusory allegation that "Plaintiff lacks an adequate remedy at law because the UCL, the only claim

1  brought by Plaintiff, does not provide for damages."  (TAC ¶ 53.)  Plaintiff does not add *any*

2  factual allegations to explain *how* monetary damages are inherently inadequate to redress her

3  alleged harm and still "has not demonstrated that there is an ***inherent limitation*** of the legal

4  remedy."  (Order at 22 (emphasis added).)

5      In the TAC, Plaintiff adds a new, but still flawed allegation that the Product label violates

6  FDA regulations, not because the vanilla flavor allegedly does not come exclusively from the

7  vanilla plant, but because the "vanilla flavor of the Product does not come *independently* from the

8  vanilla plant."  (TAC ¶ 34 (emphasis added).)  While Plaintiff previously alleged that "[s]cientific

9  testing…revealed that the vanilla flavor of the Product does not come exclusively from…the

10  vanilla plant," (SAC ¶ 36), she now alleges that the *same* "[s]cientific testing…revealed that the

11  characterizing vanilla flavor of the Product does not come *independently* from vanilla extract or

12  other ingredients derived from the vanilla plant."  (TAC ¶ 20 (emphasis added).)  She does not

13  allege the source of the supposed flavoring ingredients nor does she explain *how* she concluded

14  that "vanilla" on the front Product label led her to believe that the Product's vanilla flavor was

15  "independently derived" from the vanilla plant.

16  **III.   LEGAL STANDARD**

17      Federal Rule of Civil Procedure 8(a)(2) requires a complaint to include "a short and plain

18  statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  A

19  complaint that fails to meet this standard may be dismissed pursuant to Federal Rule of Civil

20  Procedure 12(b)(6).  *See* Fed. R. Civ. P. 12(b)(6).  To overcome a Rule 12(b)(6) motion to

21  dismiss, a plaintiff's "factual allegations [in the complaint] 'must . . . suggest that the claim has at

22  least a plausible chance of success.'"  *Levitt v. Yelp! Inc*., 765 F.3d 1123, 1135 (9th Cir. 2014)

23  (quoting *In re Century Aluminum Co. Sec. Litig.*, 729 F.3d 1104, 1107 (9th Cir. 2013)).  While

24  the court accepts factual allegations in the complaint as true, "allegations in a complaint . . . may

25  not simply recite the elements of a cause of action [and] must contain sufficient allegations of

26  underlying facts to give fair notice and to enable the opposing party to defend itself effectively."

27  *Id.* (internal quotation marks omitted).  "A claim has facial plausibility when the plaintiff pleads

28  factual content that allows the court to draw the reasonable inference that the defendant is liable

1   for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility

2   standard is not akin to a probability requirement, but it asks for more than a sheer possibility that

3   a defendant has acted unlawfully." *Id.* (internal quotation marks omitted).

4          Where, as here, a "claim is said to be 'grounded in fraud' or to 'sound to fraud,' [then] the

5   pleading of that claim as a whole must satisfy the particularity requirement of Rule 9(b)." *Vess v.*

6   *Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103-04 (9th Cir. 2003). For example, a claim may be

7   "grounded in fraud" if the "plaintiff [ ] allege[s] a unified course of fraudulent conduct and

8   rel[ies] entirely on that course of conduct as the basis of a claim." *Id.* at 1103; TAC ¶¶ 33-34

9   (alleging that based on the Product label, Plaintiff "believed that the…vanilla flavor came

10  independently from the vanilla plant," and that had she "known the truth" she would not have

11  purchased the Product.). To satisfy the heightened standard of Rule 9(b), a plaintiff must identify

12  the "who, what, when, where, and how" of the alleged misconduct and explain how the statement

13  or omission complained of was false or misleading. *Vess*, 317 F.3d at 1106 (internal citation

14  omitted). The purpose of Rule 9(b) is to require that a plaintiff's allegations be "specific enough

15  to give defendants notice of the particular misconduct which is alleged . . . so that they can defend

16  against the charge and not just deny that they have done anything wrong." *Swartz v. KPMG LLP*,

17  476 F.3d 756, 764 (9th Cir. 2007).

18         The court, in its discretion, may dismiss a complaint with no leave to amend when such

19  amendments would be futile. *See Novak v. U.S.*, 795 F.3d 1012, 1020 (9th Cir. 2015).

20  **IV.   ARGUMENT**

21         After finding that Plaintiff failed to state a deceptive labeling claim as a matter of law

22  because her theory is "implausible under the facts presented here," (Order at 9), the Court

23  permitted only Plaintiff's UCL unlawful prong claim to proceed, and only as to injunctive relief.

24  The Court granted Plaintiff limited leave to amend to explain why monetary damages are

25  inadequate as compared to equitable restitution. Plaintiff's remaining claim under the unlawful

26  prong of the UCL should be dismissed or narrowed for several reasons.

27         As an initial matter, Plaintiff's amendment fails to demonstrate why she needs to pursue

28  equitable relief for her alleged harms, e.g., why damages are inadequate to compensate her

1  alleged economic injury.  For this reason, the Court should dismiss her claim for restitution under

2  the UCL.  In addition, since the Court's ruling on the motion to dismiss, the Ninth Circuit has

3  held that a plaintiff's "conditional" intent to purchase a product if the product is "reformulated" or

4  the label is changed to "comply" with regulations—as Plaintiff has alleged here (TAC ¶ 8)—is

5  insufficient for purposes of Article III standing.  *See In re Coca-Cola Prods.*, 2021 WL 3878654,

6  at \*2.  As such, Plaintiff's remaining UCL claim should be dismissed in its entirety, as she cannot

7  pursue restitution or injunctive relief.

8      However, if the Court is not inclined to dismiss the remaining UCL claim in its entirety, it

9  should strike the allegations that Plaintiff added in the TAC regarding her new assertion that the

10  vanilla flavor should come "independently" (TAC ¶ 8), rather than "exclusively" (SAC ¶ 8), from

11  the "vanilla plant, such as vanilla beans or vanilla extract." (TAC ¶ 13.)  These allegations exceed

12  the scope of the Court's leave to amend and are improper under Rule 12(f).

13      Finally, there is an independent ground for dismissal of Plaintiff's unlawful prong claim

14  under the UCL: Plaintiff fails to state the elements to allege a plausible violation of the unlawful

15  prong, which requires materiality, reliance and injury.  As this Court has found, her claim of

16  deception is implausible, and Plaintiff provides nothing more than conclusory allegations

17  regarding the elements of materiality, reliance and injury.  Given Plaintiff has now had four

18  opportunities to amend her complaint, the Court should dismiss her claim with prejudice.

19      **A.      Plaintiff Fails to Show that She Lacks an Adequate Remedy at Law**

20      As an initial matter, the Court should dismiss with prejudice Plaintiff's request to pursue

21  restitution[2] under the UCL because Plaintiff has failed to explain why damages are inadequate to

22  remedy her alleged economic injury in this case.  Specifically, the Court explained that Plaintiff

23  did not "make any related argument, such as showing that restitution under the CLRA or UCL

24  would be more certain, prompt, or efficient than the legal remedies [she] request[s]."  (Order at

25

26      [2] Plaintiff "seeks an order for the disgorgement and restitution of all monies from the sale
    of Defendant's Products that were unjustly acquired through unlawful acts and practices."  (TAC
27  ¶ 52.)  Because her request for disgorgement is coterminous with her request for restitution, and
    for ease of reference, Chobani refers to both collectively as "restitution."

28

22); *see also Anderson v. Apple Inc.*, 500 F. Supp. 3d 993, 1009-10 (N.D. Cal. 2020) ("[P]laintiffs must adequately allege that, under usual principles of equity, their remedies at law would be inadequate to what restitution could provide").  The Court accordingly granted Plaintiff "leave to amend her complaint to plead that damages are inadequate and that she is thus entitled to seek equitable restitution under the UCL's unlawful prong."  (Order at 23.)

However, despite this clear instruction from the Court, Plaintiff does not attempt to explain *why* damages are an inadequate remedy in the TAC.  Instead, she makes the conclusory allegation that damages are inadequate "because the UCL, the only claim brought by Plaintiff, does not provide for damages."  (TAC ¶ 53.)  But as the Court previously held, whether Plaintiff has an adequate remedy at law does not turn on whether she is seeking or has a viable claim for damages under the CLRA.  (Order at 22 "[Plaintiff's] inability to obtain damages here results from her CLRA claim's failure on the *merits*; she has not demonstrated that there is an *inherent limitation* of the legal remedy that renders it inadequate.") (emphasis added)); *see also Guzman v. Polaris Indus. Inc.*, No. 8:19-cv-01543-FLA (KESx), 2021 WL 2021454, at *11 (C.D. Cal. May 12, 2021) (rejecting argument that equitable restitution claim must survive where a plaintiff has not pleaded any legal remedy and only seeks restitution under the UCL, because "[t]he relevant question, however, is not whether [the plaintiff] has *pleaded* legal remedies, but whether he could have *sought* an adequate legal remedy."); *Anderson*, 500 F. Supp. 3d at 1009 (plaintiffs "do not attempt to argue, for instance, that the equitable restitution they request would go beyond the damages available to them.").  Plaintiff has failed to remedy the deficiencies in the TAC.

Indeed, Plaintiff could not allege that damages are an inadequate remedy here.  Her alleged injury results from her alleged reliance on Chobani's representations and is premised on her allegation that "[h]ad [she] known the truth…Plaintiff would not have purchased the Product at a premium price or bought the Product at all."  (TAC ¶ 34.)  In other words, Plaintiff's only harm is economic and measured by the price of the Product.  For this precise reason, Judge Jeffrey White from the Northern District dismissed virtually identical claims for equitable relief in another "vanilla" case because the plaintiff, as here, failed to allege "that she lacks an adequate remedy at law."  *See Robie v. Trader Joe's Company*, No. 20-cv-07255-JSW, 2021 WL 2548960,

1    at *6 (N.D. Cal. June 14, 2021).

2           Other post-*Sonner* courts have also dismissed claims for equitable relief in false

3    advertising cases where plaintiffs claim that they overpaid or would not have purchased a product

4    had they known the "truth" about the product claims.  *Sharma v. Volkswagen AG*, No. 20-cv-

5    02394-JST, 2021 WL 912271, at *8 (N.D. Cal. Mar. 9, 2021) is instructive.  There, the court

6    rejected the plaintiffs' argument that "damages are not an adequate remedy for their harms"

7    where the "alleged injury [was] that '[a]s a result of their reliance on partial representations

8    and/or omissions by Defendants,  Plaintiffs and other Class members have suffered a *loss of*

9    *money* and/or *loss in value* of their Class Vehicles.'"  *Id.*; *see also In re MacBook Keyboard*

10   *Litig.*, No. 5:18-cv-02813-EJD, 2020 WL 6047253, at *4 (N.D. Cal. Oct. 13, 2020) ("Because

11   Plaintiffs' claims rest on their alleged overpayments …, the Court finds that monetary damages

12   would provide an adequate remedy for the alleged injury."); *see also Gibson v. Jaguar Land*

13   *Rover N. Am., LLC*, No. CV 20-00769-CJC (GJSx), 2020 WL 5492990, at *3 (C.D. Cal. Sept. 9,

14   2020) ("[T]here is nothing in the [complaint] to suggest that monetary damages would not make

15   Plaintiff or the putative class whole.  Indeed, throughout the [complaint] Plaintiff repeatedly

16   alleges that he and the putative class 'lost money or property' as a result of Jaguar's wrongful

17   conduct.").  Similarly, here, Plaintiff "seeks an order for the disgorgement and restitution of *all*

18   *monies from the sale* of Defendant's Products that were unjustly acquired through unlawful acts

19   and practices."  (TAC ¶ 52 (emphasis added).)  Plaintiff fails to allege any distinction between the

20   amount of "monies from the sale" of those Products and the legal remedy of monetary damages

21   for the same Products, or that "money could not compensate her for [this] alleged harm."  *Gibson*,

22   2020 WL 5492990, at *4; *see also Ivie v. Kraft Foods Glob., Inc.*, No. C 12-02554-RMW, 2015

23   WL 183910, at *2 (N.D. Cal. Jan. 14, 2015) (concluding that the court properly dismissed a claim

24   for restitutionary damages, which would be the "price premium attributable to the offending

25   labels, and no more," because such damages are also available under the UCL, FAL and CLRA).

26          Accordingly, because Plaintiff has not shown that legal remedies are inadequate to

27   compensate her for the alleged loss of money, Plaintiff's claim for restitution must be dismissed.

28

**B.     The Court Should Also Dismiss Plaintiff's Remaining Claim for Injunctive Relief Under the UCL Because She Lacks Standing Under Recent Ninth Circuit Case Law**

As explained above, Plaintiff fails to allege an inadequate remedy at law and is not entitled to seek restitution under the UCL.  *See supra* at IV.A.  Thus, the only claim that remains in the case is Plaintiff's request for injunctive relief under the UCL's unlawful prong.  However, under Ninth Circuit case law that issued after the Court's Order, Plaintiff's request for injunctive relief must also be dismissed.

A few weeks after the Court entered its Order on Chobani's motion to dismiss, the Ninth Circuit held that alleging a conditional desire to purchase a product again, such as when the product is "properly" labeled, is insufficient to create Article III standing.  *In re Coca-Cola Prods.*, 2021 WL 3878654, at *2.  In *In re Coca-Cola*, plaintiffs alleged that "Coca-Cola misled the public by using the advertising slogan 'no artificial flavors. no preservatives added. since 1886' even though Coke contains phosphoric acid." *Id.* at *1.  The plaintiffs submitted declarations stating that they "would consider purchasing" Coke depending on "several factors, including but not limited to what disclosures Coca-Cola provided regarding phosphoric acid or any other ingredient in Coke, whether Coca-Cola removed phosphoric acid, and what, if anything, replaced phosphoric acid, and the price of [Coke] relative to other beverages." *Id.* at *2.  The plaintiffs also claimed "they were not concerned with phosphoric acid, but rather with whether Coca-Cola was telling the truth on its product's labels," and "that they would be interested in purchasing Coke again if its labels were accurate, regardless of whether it contained chemical preservatives or artificial flavors." *Id.*  Citing to *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956 (9th Cir. 2018) and the Supreme Court's recent decision in *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190 (2021), the Ninth Circuit concluded the plaintiffs did not demonstrate a threat of future harm sufficient to support their claim for injunctive relief.  *In re Coca-Cola Prods.*, 2021 WL 3878654, at *2-3.

*First*, the Ninth Circuit held that a "conditional" intent to purchase a product in the future is insufficient to confer standing.  The *Coca-Cola* court rejected declarations from the plaintiffs that "they 'would consider purchasing' Coke depending on 'several factors.'" *In re Coca-Cola*

1  *Prods.*, 2021 WL 3878654, at \*2.  The court found these assertions were insufficient, holding that

2  "[t]o have standing to seek injunctive relief, the 'threatened injury must be certainly impending to

3  constitute injury in fact' and 'allegations of possible future injury are not sufficient.'"  *Id.*

4  (quoting *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013)).  Here, Plaintiff alleges that

5  she would purchase the Product again but only "***if*** the Product were reformulated such that the

6  characterizing vanilla flavor of the Product is independently derived from the vanilla plant or if

7  the labelling complied with federal and state regulations."  (TAC ¶ 8 (emphasis added).)  That

8  conditional promise to purchase a reformulated product is insufficient as matter of law.

9        ***Second***, the Ninth Circuit stated that a plaintiff must do more than allege that a product's

10  label violates a regulation or law—she must also allege that she will suffer imminent

11  "particularized adverse effects" based on the defendant's conduct.  In other words, a plaintiff

12  "cannot satisfy the demands of Article III by alleging a bare procedural violation."  *In re Coca-*

13  *Cola Prods.*, 2021 WL 3878654, at \*2 (citing *Spokeo, Inc. v. Robins*, 578 U.S. 330 (2016)).

14  Moreover, "[a]n 'asserted informational injury that causes no adverse effects cannot satisfy

15  Article III.'"  *TransUnion*, 141 S. Ct. at 2214 (quoting *Trichell v. Midland Credit Mgmt., Inc.*,

16  964 F.3d 990, 1004 (11th Cir. 2020)).  Thus, the *Coca-Cola* plaintiffs' assertion "that they would

17  be interested in purchasing Coke again if its labels were accurate," without more, "is insufficient

18  to demonstrate that they have suffered any particularized adverse effects."  *In re Coca-Cola*

19  *Prods.*, 2021 WL 3878654, at \*2.  Similarly, here, Plaintiff's alleged harm is premised

20  exclusively on her allegations that the label does not "compl[y] with federal and state

21  regulations."  (TAC ¶ 8.)  Plaintiff does not attempt to allege that she has or imminently will

22  suffer from any particularized adverse effects.  Therefore, Plaintiff's allegations are insufficient

23  under *In re Coca-Cola* to establish Article III standing.

24        Because Plaintiff has not demonstrated imminent or particularized harm, she does not

25  have standing under Article III to pursue injunctive relief.  Accordingly, because she has not

26  alleged an entitlement to equitable restitution nor standing for injunctive relief, Plaintiff's UCL

27  claim should be dismissed in its entirety with prejudice.

28

1

2

**C.    If the Court Does Not Dismiss Plaintiff's UCL Claim in Its Entirety, It Should Strike Plaintiff's New Allegations As Outside the Scope of the Court's Order**

3    Plaintiff is on her fourth complaint, having now amended three times.  As discussed above

4   (*supra*, Section II.A), the Court's August 9, 2021 Order granted Plaintiff limited leave to amend

5   her complaint to plead that damages are inadequate.  (Order at 23.)  Not only did Plaintiff fail to

6   do so, but she added new and different allegations to her TAC, in an effort to bolster her claim

7   that the Product's label fails to comply with FDA's regulations.  Most notably, Plaintiff's prior

8   complaints were based on her theory that Chobani's label was deceptive based on her allegations

9   that the Product's vanilla flavoring did not come "exclusively from the vanilla plant."  (SAC ¶ 8.)

10  Now, in the TAC, Plaintiff contends that the vanilla flavor does not come "independently" from

11  the "vanilla plant."  (TAC ¶¶ 33-34.).

12    Her improper amendments include the following allegations:

13  •  Adding the image of the 5.3-ounce product label (*id.* ¶ 2), which was not included

14     in the SAC;

15  •  Repackaging her allegations that the Product's vanilla flavor does not come

16     "exclusively from the vanilla plant" (SAC ¶ 8) to allege that the "characterizing

17     vanilla flavor" of the Product is not "independently derived from the vanilla plant"

18     (TAC ¶¶ 7, 8, 32) or "does not come independently from… the vanilla plant," (*id.*

19     ¶¶ 20, 33, 34);

20  •  Removing images of the back product label (SAC ¶¶ 5, 26)

21  •  Adding conclusory allegations regarding laboratory testing results of other

22     products (TAC ¶ 28);

23  •  Adding allegation that Plaintiff purchased the 32 ounce size Product (*id.* ¶ 7);

24  •  Adding allegations regarding the source and characteristics of vanillin (*id.* ¶¶ 14,

25     22);

26  •  Changing her purported "benefit of the bargain allegations" allegations from

27     alleging that she was denied the benefit of the bargain because she would have

28     purchased other products that "contain the same or immaterially different amounts

of real vanilla" (SAC ¶ 68), to alleging that she would have purchased other products that "are properly labeled…" (TAC ¶ 50); and

- Changing her requested remedy from a request for injunctive relief to "commence a corrective advertising campaign" (SAC ¶ 69) to a request for injunctive relief ordering Chobani to "commence corrective action" (TAC ¶ 51).

Plaintiff's new allegations are outside the scope of the Court's Order and an impermissible attempt to change her factual allegations without leave of Court as required under Rule 15. This case is past the point where Plaintiff may file an amended complaint as a matter of course. *See* Fed. R. Civ. P. 15(a)(1) ("A party may amend its pleading once as a matter of course within ... 21 days after serving it, or ... if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier."). Therefore, Rule 15 requires that Plaintiff first file a motion for leave to amend a complaint and obtain leave before filing an amended pleading. *See* Fed. R. Civ. P. 15(a)(2).

Where, as here, a plaintiff has included new allegations in an amended pleading that go beyond the scope of an order granting leave to amend, such unauthorized allegations should be stricken under Rule 12(f). Fed. R. Civ. P. 12(f) (the court may "strike from a pleading…any redundant, immaterial, [or] impertinent…matter"); *Cover v. Windsor Surry Co.*, No. 14-cv-05262-WHO, 2016 WL 3421361, at *3 (N.D. Cal. June 22, 2016) (granting motion to dismiss where claim exceeded the scope of allowable amendment under the court's previous order); *Andrew W. v. Menlo Park City School Dist.*, C-10-0292 MMC, 2010 WL 3001216, at *2 (N.D. Cal. July 29, 2010) (granting motion to strike where leave to amend was on narrow grounds, but plaintiff amended the theory of liability); *see also Gerard v. Wells Fargo Bank, N.A.*, No. CV 14-03935 MMM (SHx), 2015 WL 12791416, at *12 (C.D. Cal. Jan. 22, 2015) (dismissing claims that exceeded scope of leave to amend and collecting cases); *Raiser v. City of Los Angeles*, No. CV 13-2925 RGK (RZ), 2014 WL 794786, at *4 (C.D. Cal. Feb. 26, 2014) ("When a district court grants leave to amend for a specified purpose, it does not thereafter abuse its discretion by dismissing any portions of the amended complaint that were not permitted. The rule applies even

1    if the court did not expressly bar amendments other than the one(s) it *did* allow." (internal

2    citations omitted).

3          Plaintiff has had several opportunities to state an actionable claim against Chobani.  Not

4    only are her new allegations outside the scope of the Court's Order, but she should not be

5    permitted at this late stage to add new allegations and legal theories without leave of Court.  As

6    such, if the Court permits her UCL claim to proceed, it should dismiss or strike her amendments

7    under Rule 12(f).

8          **D.    The Court Should Dismiss Plaintiff's UCL Claim in Its Entirety for the**
             **Independent Reason that She Fails to State a Claim Under the UCL's**
9            **Unlawful Prong**

10         As explained above, the Court could dismiss Plaintiff's TAC in its entirety for failure to

11   plead a claim for restitution or injunctive relief.  *See* Sections IV.A and IV.B.  There is also an

12   independent basis for dismissing the TAC in its entirety:  Plaintiff has failed to state a plausible

13   claim under the UCL's unlawful prong.

14              **1.    Plaintiff's TAC fails to plausibly allege that her reliance on the**
                      **Product label caused her to be deceived such that she suffered an**
15                    **injury-in-fact**

16         In order to state a claim under the UCL, Plaintiff must plausibly allege that she has

17   standing under the UCL: that is, that she is a "person who has suffered injury in fact and has lost

18   money or property *as a result of* the unfair competition." Cal. Bus. & Prof. Code § 17204

19   (emphasis added).  In *Kwikset Corp. v. Super. Ct.*, 51 Cal.4th 310 (2011), the California Supreme

20   Court made clear that where the essence of the claim is based on misrepresentations, "as a result

21   of" under Section 17204 "means 'caused by' and requires a showing of a causal connection or

22   reliance on the alleged misrepresentation."  *Id.* at 326 (citation and quotations omitted).  To

23   satisfy the causation requirement, plaintiffs are required to plead and prove that they actually

24   relied on the statement at issue.  *See Great Pac. Sec. v. Barclays Capital, Inc.*, 743 F. App'x 780,

25   783 (9th Cir. 2018) (citing *Kwikset*, 51 Cal. 4th at 326-27).  This is true of all UCL claims,

26   regardless of whether they are brought under the unfair, unlawful, or fraudulent prong.

27   *Swearingen v. Late July Snacks LLC*, No. 13-cv-04324-EMC, 2017 WL 4641896, at *2 (N.D.

28   Cal. Oct. 16, 2017) (holding reliance is required to establish standing under the UCL unlawful

prong); *see also* Cal. Bus. & Prof. Code § 17204 (stating that "[a]ctions for relief pursuant to this chapter shall be prosecuted exclusively ... by a person who has *suffered injury in fact* and has lost money or property *as a result* of the unfair competition," without distinction based on the remedy sought) (emphasis added); *Pardini v. Unilever U.S., Inc.*, 961 F. Supp. 2d 1048, 1060 (N.D. Cal. 2013) ("Plaintiff cannot state a claim merely by pleading a violation of the FDCA and its implementing regulations."); *Durell v. Sharp Healthcare*, 183 Cal. App. 4th 1350, 1363 (2010) (rejecting argument that actual reliance is not a requirement of UCL unlawful prong claim).  In sum, Plaintiff cannot seek UCL relief—even under the UCL's unlawful prong—based on a strict liability theory.  *See Swearingen*, 2017 WL 4641896, at *2.

Here, Plaintiff alleges that she "read and relied on Defendant's label on the Product to believe that the characterizing flavor of the Product was vanilla and that the vanilla flavor came independently from the vanilla plant."  (TAC ¶ 33.)  Had she "known the truth—that the label Plaintiff relied upon in making the purchase was unlawful in that the vanilla flavor of the Product does not come independently from the vanilla plant," she would not have purchased it.  (*Id.* ¶ 34.) These allegations, however, fall short of pleading a plausible claim of reliance.

Indeed, this Court previously rejected the theory of deception that Plaintiff advanced in her SAC, finding it implausible as a matter of law and holding that:

> [T]here is nothing about the word 'Vanilla' on the Product's label that suggests it is flavored with vanilla bean or extract, let alone exclusively with vanilla bean or extract, and its label displays no "additional language modifiers," such as "vanilla extract" or "made with vanilla extract," that might suggest otherwise.

(Order at 10 (*citing Clark v. Westbrae Nat., Inc.*, No. 20-cv-02331, 2021 WL 1580827, at *2-3 (N.D. Cal. Apr. 22, 2021) ("*Clark II*") and *Cosgrove v. Blue Diamond Growers*, No. 19 Civ. 8993 (VM), 2020 WL 7211218 at *3-4 (S.D.N.Y. Dec. 7, 2020).)  The Court concluded (consistent with "the many other courts that have considered this issue") that the term "vanilla" on vanilla-flavored products merely indicates flavor and not an ingredient source.  (Order at 10.)  As the Court explained, "[t]he label 'vanilla' most commonly denotes the flavor of the product, distinguishing it from, e.g., 'Banana' or 'Coconut.' As a result, [Plaintiff's] assertion—that the 'bald' word 'Vanilla' renders the Product's advertising misleading because it suggests that it is

1    exclusively flavored from the vanilla plant—is unavailing."  (*Id.*)

2            The Court further recognized that "the Product's ingredient list strongly suggests…that

3    the Product contains flavoring ingredients other than those derived exclusively from the vanilla

4    plant."  (*Id.* at 12.)  The Product's label lists the following ingredients: Nonfat yogurt (cultured

5    nonfat milk), cane sugar, water, fruit pectin, *natural flavors*, guar gum, lemon juice concentrate,

6    vanilla extract, guar gum.  (*See* TAC Ex. A (emphasis added).)  "The fact that 'natural flavors'

7    appears among the ingredients of a vanilla-flavored yogurt…would alert a reasonable consumer

8    to the likelihood that vanilla extract is not the exclusive source of vanilla flavoring in the yogurt."

9    (Order at 12.)

10           Despite the Court's finding that her interpretation of the Product label was implausible as

11   a matter of law, Plaintiff now alleges that she "read and relied on Defendant's label on the

12   Product to believe that the characterizing flavor of the Product was vanilla and that the ***vanilla***

13   ***flavor came independently from the vanilla plant.***"  (TAC ¶ 33 (emphasis added).)  However,

14   Plaintiff could not have plausibly reached this conclusion given that (1) the front label states

15   "vanilla," which the Court concluded "merely indicates flavor and not an ingredient source," and

16   (2) the ingredient list expressly provides that the Product includes "natural flavors" in addition to

17   vanilla extract.  (Order at 10; *see also* TAC Ex. A.)  Thus, Plaintiff fails to plausibly allege that

18   she relied on the Product's "vanilla" label to conclude that the Product's vanilla flavor "came

19   independently" from the vanilla plant, and *as a result* of the alleged misrepresentation, was

20   deceived and suffered an injury or loss of money.  Other courts adjudicating similar "vanilla"

21   claims have found the plaintiffs' theory of deception or reliance implausible as a matter of law

22   and dismissed UCL claims, including those brought under the unlawful prong.  *See Robie*, 2021

23   WL 2548960, at *6 (dismissing statutory claims, including under the UCL unlawful prong, where

24   plaintiffs failed to plausibly allege that a reasonable consumer would be deceived by the vanilla

25   representations on a product's label); *Harris v. McDonald's Corp.*, No. 20-CV-06533-RS, 2021

26   WL 2172833, at *3 (N.D. Cal. Mar. 24, 2021) (granting motion to dismiss as to all claims,

27   including UCL unlawful prong claim, where plaintiff failed to allege sufficient facts to support a

28   "plausible claim of misrepresentation and economic injury" in case involving vanilla

1    representations).

2         Moreover, Plaintiff's new allegations—that the vanilla flavor of the Product does not

3    come independently from the vanilla plant—do not save the plausibility of her claims.  Again,

4    other courts analyzing similar claims brought by Plaintiff's counsel have rejected these

5    "independently vanilla" claims on this same premise, finding that there is no good faith basis to

6    allege that the amount of natural vanilla in a product is insufficient to independently characterize

7    the product.  *See Fahey v. Whole Foods Market, Inc.*, No. 20-cv-06737, 2021 WL 2816919, at *6

8    (N.D. Cal. June 30, 2021) (rejecting claim under UCL unlawful prong where scientific testing

9    demonstrated the product had an excess of vanilla, but plaintiff still failed to plausibly allege that

10   the amount of natural vanilla in the product was insufficient to independently characterize the

11   product); *Clark II*, 2021 WL 1580827, at *5 (rejecting UCL unlawful prong claim where the

12   product test did not make it plausible that the product does not contain a sufficient amount of

13   vanilla bean to give the product its vanilla taste).  Plaintiff, much like other plaintiffs before her,

14   fails to allege that absent non-vanilla bean ingredients, the Product would not have enough vanilla

15   from the vanilla bean to *taste* like vanilla.

16        As such, this Court should dismiss with prejudice Plaintiff's claim for failure to plead a

17   plausible theory of deception, reliance, and injury.

18              **2.      Plaintiff's pleading deficiencies fail to satisfy the heightened pleading
                          standard of Rule 9(b)**
19

20        Plaintiff's claims are not plausible under Rule 8(a), and they cannot meet the even more

21   stringent requirements of Rule 9(b).  "Averments of fraud must be accompanied by "'the who,

22   what, when, where, and how' of the misconduct charged," as well as the circumstances indicating

23   fraudulent conduct.  *Vess*, 317 F.3d at 1106 (quoting *Cooper v. Pickett*, 137 F.3d 616, 627

24   (9th Cir. 1997)); *Arroyo v. Pfizer, Inc.*, No. C-12-4030 EMC, 2013 WL 415607, at *8 (N.D. Cal.

25   Jan. 31, 2013).  Conclusory allegations of fraud are not enough—plaintiff must plead detailed and

26   specific facts.  *See Richardson v. Reliance Nat'l Indem. Co.*, No. C 99-2952 CRB, 2000 WL

27   284211, at *4 (N.D. Cal. Mar. 9, 2000) ("Plaintiff may not simply 'set forth conclusory

28   allegations of fraud punctuated by a handful of neutral facts.'") (citation omitted).  Despite the

1  opportunity to amend her complaint *three* times, Plaintiff still fails to explain how she relied on

2  any representations on the label to reach the illogical conclusion that the Product's vanilla flavor

3  is "independently derived" from the vanilla plant, based on the word "Vanilla," and an ingredient

4  list that includes both "vanilla extract" and "natural flavors."  *See In re Volkswagen "Clean*

5  *Diesel" Mktg., Sales Practices, & Prods. Liab. Litig.*, 349 F. Supp. 3d 881, 914-15 (N.D. Cal.

6  2018) (plaintiffs did not satisfy Rule 9(b) where the allegations lacked sufficient detail regarding

7  specific advertisements).[3]

8        Plaintiff vaguely alleges that she surmised from the name of the Product and its label that

9  all of the Product's flavor came "independently" from the vanilla plant.  (*See* TAC ¶ 33.)  But

10  Plaintiff fails to explain how the word "Vanilla" on the Product label led her to conclude that the

11  Product's vanilla flavor was "independently derived" from vanilla beans.  Nor does she explain

12  *how* she concluded that the Product was flavored from other sources, when the ingredient she

13  allegedly expected—"vanilla extract"—is present in the product and ***appears on the ingredient***

14  ***list***.  Indeed, she avoids referencing the ingredient list in the TAC, does not allege that she viewed

15  other statements on the label (such as "no artificial flavors"), and does not challenge those

16  statements.  These vague and incomplete allegations fail 9(b).  *Cf. In re Volkswagen "Clean*

17  *Diesel"*, 349 F. Supp. 3d at 914-15 (plaintiffs' affirmative misrepresentation allegations did not

18  satisfy Rule 9(b) where the allegations lacked sufficient detail); *Herrera v. Estee Lauder Cos.*,

19  No. SACV 12-01169-CJC (ANx), 2012 WL 12507876, at *4 (C.D. Cal. Sept. 20, 2012)

20  (plaintiffs failed to meet 9(b)'s standard where they "d[id] not plead what the advertising

21  materials specifically state[,] . . . point to no particular advertisements or promotional materials

22  that they were personally exposed to[,] [and] do not even plead whether the advertisements were

23  broadcast on television, on the radio, or in print ads"); *Beltran v. Avon Prods., Inc.*, No. SACV

24  12-02502-CJC (ANx), 2012 WL 12303423, at *4 (C.D. Cal. Sept. 20, 2012) ("Under Rule 9(b), it

25

26        [3] Plaintiff lacks standing to pursue claims based on products she did not purchase.  *See e.g., Granfield v. NVIDIA Corp.*, No. C 11-05403 JW, 2012 WL 2847575, at *6 (N.D. Cal. July

27  11, 2012) ("[W]hen a plaintiff asserts claims based both on products that she purchased and products that she did not purchase, claims relating to products not purchased must be dismissed

28  for lack of standing.")

1    is not sufficient to simply allege exposure to a long-term advertising campaign.").

2        Because Plaintiff fails to allege deception under the heightened pleading standard of Rule

3    9(b), her claim fails.  *See Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1126 (9th Cir. 2009); *Yetter*

4    *v. Ford Motor Co.*, No. 19-CV-00877-LHK, 2019 WL 3254249, at *8 (N.D. Cal. July 19, 2019)

5    (plaintiff failed to plead fraud allegations with the requisite specificity where he did not specify

6    which statements Defendant made); *Chavez v. Nestle USA, Inc.*, No. CV 09-9192-GW (CWx),

7    2011 WL 10565797, at *8 (C.D. Cal. Jan. 10, 2011) (dismissing fraud-based claims where

8    complaint did not identify "what specific misrepresentations [plaintiffs] allegedly saw, when they

9    viewed them, or *how* they relied upon them") (emphasis added).

10   **V.    CONCLUSION**

11       For the foregoing reasons, Chobani respectfully requests that the Court dismiss Plaintiff's

12   TAC in its entirety with prejudice, or in the alternative, (1) dismiss her amended claim for

13   restitution and (2) dismiss or strike her irrelevant allegations.

14
     Dated: October 13, 2021
15
                                        JAMIE LEVITT
16                                      CLAUDIA M. VETESI
                                        MEGAN L. WHIPP
17                                      MORRISON & FOERSTER LLP

18
19                                      By:    */s/ Jamie Levitt*
                                               JAMIE LEVITT
20
                                            Attorneys for Defendant
21                                          CHOBANI LLC

22
23
24
25
26
27
28