**REESE LLP**
Sue J. Nam (State Bar No. 206729)
*snam@reesellp.com*
Michael R. Reese (State Bar No. 206773)
*mreese@reesellp.com*
100 West 93rd Street, 16th Floor
New York, New York 10025
Telephone: (212) 643-0500
Facsimile: (212) 253-4272

**REESE LLP**
George V. Granade (State Bar No. 316050)
*ggranade@reesellp.com*
8484 Wilshire Boulevard, Suite 515
Los Angeles, California 90211
Telephone: (310) 393-0070
Facsimile: (212) 253-4272

**SHEEHAN & ASSOCIATES, P.C.**
Spencer Sheehan (Admitted *Pro Hac Vice*)
*spencer@spencersheehan.com*
60 Cuttermill Road, Suite 409
Great Neck, NY 11021
Telephone: (516) 303-0552
Facsimile: (516) 234-7800

*Counsel for Plaintiff and the Proposed Class*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| ELENA NACARINO, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br>vs.<br><br>CHOBANI LLC,<br><br>Defendant. | Case No. 20-cv-7437-EMC<br><br>**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS THE THIRD AMENDED COMPLAINT**<br><br>Date: December 16, 2021<br>Time: 1:30 p.m.<br>Judge: Hon. Edward M. Chen |

# **TABLE OF CONTENTS**

TABLE OF CONTENTS ................................................................................................................ ii

TABLE OF AUTHORITIES ......................................................................................................... ii

STATEMENT OF ISSUES TO BE DECIDED ............................................................................1

PRELIMINARY STATEMENT ....................................................................................................1

STATEMENT OF FACTS .............................................................................................................3

LEGAL STANDARDS ..................................................................................................................3

ARGUMENT..................................................................................................................................4

    I.    THE LAW OF THE CASE PRECLUDES RECONSIDERATION OF ISSUES ALREADY DECIDED BY THIS COURT ...............................................4

        A.    This Court Properly Concluded Plaintiff Plausibly Pled Her Claim Under The Unlawful Prong Of The UCL .........................................................4

        B.    This Court Properly Concluded Plaintiff Has Standing For Injunctive Relief.................................................................................................................6

    II.    PLAINTIFF PROPERLY AMENDED HER COMPLAINT IN ACCORDANCE WITH THIS COURT'S ORDER..................................................9

        A.    Plaintiff Alleges She Does Not Have A Legal Remedy Under Her Sole Cause of Action ........................................................................................9

        B.    Even If This Court Concludes That It Cannot Award Equitable Restitution, It Should Dismiss Without Prejudice To Allow Plaintiff To Seek That Remedy In State Court .........................................................15

CONCLUSION.............................................................................................................................16

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Allen v. County of Los Angeles*, No. CV 07-102-R (SH),
    2009 WL 666449 (C.D. Cal. Mar. 12, 2009) ............................................................................. 14

*Anderson v. Apple Inc.*, 500 F. Supp. 3d 993 (N.D. Cal. 2020) ............................................. 11, 12

*Caterpillar Inc. v. Williams*, 482 U.S. 386 (1987) ........................................................................ 11

*Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956 (9th Cir. 2018) .............................................. 7, 8

*Elgindy v. AGA Service Co.*, 2021 WL 1176535 (N.D. Cal. Mar. 29, 2021) ........................... 2, 13

*Fantasy, Inc. v. Fogerty*, 984 F.2d 1524 (9th Cir. 1993), *overruled on other grounds* ................. 14

*Garcia–Barajas v. Nestle Purina Petcare Co.*, No. 1:09–CV–00025 OWW DLB,
    2009 WL 2151850 (E.D. Cal. Jul. 16, 2009) ............................................................................ 14

*Gibson v. Jaguar Land Rover N. Am., LLC*, No. CV 20-00769-CJC (GJSx),
    2020 WL 5492990 (C.D. Cal. Sept. 9, 2020) ........................................................................... 12

*Guthrie v. Transamerica Life Insurance Company*, -- F.Supp.3d --,
    Case No. 3:21-cv-04688-WHO, 2021 WL 4314909 (N.D. Cal. Sept. 23, 2021) ................ 13, 15

*Guzman v. Polaris Indus. Inc.*, No. 8:19-cv-01543-FLA (KESx),
    2021 WL 2021454 (C.D. Cal. May 12, 2021) ..................................................................... 11, 12

*Hope Medical Enterprises Inc. v. Fagron Compound Services, LLC*, No. 2:21-cv-01333-ODW
    (MAAx), 2021 5086358 (C.D. Cal. November 2, 2021) ......................................................... 12

*In re Coca-Cola Products Marketing & Sales Practices Litigation (No. II)*,
    No. 20-15742, 2021 WL 3878654 (9th Cir. Aug. 31, 2021) ................................................... 6, 7

*In re MacBook Keyboard Litig.*, No. 5:18-cv-02813-EJD,
    2020 WL 6047253 (N.D. Cal. Oct. 13, 2020) .......................................................................... 12

*Ivie v. Kraft Foods Glob., Inc.*, No. C 12-02554-RMW,
    2015 WL 183910 (N.D. Cal. Jan. 14, 2015) ............................................................................. 12

*Lamumba Corp. v. City of Oakland*, No. C 05-2712 MHP,
    2006 WL 3086726 (N.D. Cal. Oct. 30, 2006) .......................................................................... 14

*Noel v. Hall*, 341 F.3d 1148 (9th Cir. 2003) ................................................................................. 15

*Robie v. Trader Joe's Company*, No. 20-cv-07255-JSW,
    2021 WL 2548960 (N.D. Cal. June 14, 2021) ..........................................................................12

*Sapiro v. Encompass Ins.*, 221 F.R.D. 513 (N.D. Cal. 2004) ..........................................................14

*Schulken v. Washington Mut. Bank, Henderson, NV*, No. 09–CV–02708–LHK,
    2011 WL 4804063 (N.D. Cal. Oct. 11, 2011) ..........................................................................14

*Sharma v. Volkswagen AG*, 524 F.Supp.3d 891 (N.D. Cal. 2021) .................................................12

*Sonner v. Premier Nutrition Corp.*, 971 F.3d 834 (9th Cir. 2020) ..........................................13, 15

*United States v. Alexander*, 106 F.3d 874 (9th Cir. 1997) ...........................................................3, 4

**REGULATIONS**

21 C.F.R. § 101.22(i)(1) ...........................................................................................................passim

Bus. & Prof. Code §§ 17200, et seq. ("UCL"). ........................................................................passim

**RULES**

Fed. R. Civ. P. 9(b) ............................................................................................................................5

Fed. R. Civ. P. 12(f) ...................................................................................................................13, 14

Plaintiff Elena Nacarino ("Plaintiff") respectfully submits the following in opposition to the Motion to Dismiss Plaintiff's Third Amended Complaint (the "Motion"), ECF No. 54, filed by Defendant Chobani LLC ("Chobani" or "Defendant") to dismiss Plaintiff's Third Amended Class Action Complaint ("TAC"), ECF No. 51.

**STATEMENT OF ISSUES TO BE DECIDED**

1. Does the law of the case bar Defendant from rearguing dismissal of Plaintiff's claim under the unlawful prong of the California's Unfair Competition Law (the "UCL"), Bus. & Prof. Code §§ 17200, *et seq.*, when this Court already denied Defendant's motion to dismiss that claim?

2. Does the law of the case bar Defendant from rearguing that Plaintiff lacks standing for injunctive relief when this Court already found that Plaintiff has standing based on her allegation that she would purchase the Product again in the future if the Product were reformulated, which she again alleges in the TAC?

3. Should Plaintiff's request for equitable restitution under the unlawful prong of the UCL be dismissed even though her TAC alleges that she lacks an adequate remedy at law because she asserts a cause of action only under the unlawful prong of the UCL and does not allege facts that could provide any bases for a claim for damages?

4. If this Court concludes that it does not have equitable jurisdiction to grant restitution, and thus cannot make a determination on the merits, should Plaintiff's request for equitable relief be dismissed without prejudice so that she may seek that relief in state court, which does not have the federal limitation on granting such relief?

**PRELIMINARY STATEMENT**

Defendant's motion to dismiss asks this Court to revisit its prior conclusions, yet fails to even mention, let alone meet, the requirements of the law of the case doctrine. Chobani also fundamentally mischaracterizes this Court's Order Granting in Part and Denying in Part Defendant's Motion to Dismiss (the "Order"), ECF No. 48. This Court gave Plaintiff, who is the master of her own complaint, leave to amend her complaint to allege that Plaintiff does not have an inadequate remedy at law, but the Court did not dictate how she must plead "that there is an

inherent limitation of the legal remedy that renders it inadequate." Order at 22. Plaintiff amended her factual allegations as the Court granted leave to do, using the reasoning and analysis of this Court.

Specifically, this Court noted:

> And while the court in *Elgindy v. AGA Service Co.*, 2021 WL 1176535 (N.D. Cal. Mar. 29, 2021), suggested that a plaintiff could pursue equitable remedies under the UCL where such claims were "rooted in a different theory" of liability and involved different factual allegations than her claims for damages, *id.* at \*15, Ms. Nacarino's various "claims are rooted in the same allegations that labeling the Product 'vanilla' is misleading to consumers *and* a violation of the FDA regulations," Reply at 15 (emphasis in original).

Order at 22. Thus, in compliance with this Court's Order, Plaintiff amended her complaint with respect to her lack of legal remedy by deleting all factual allegations referring to deception so that the TAC states "**different** factual allegations than her [dismissed] claims for damages." *Id.* (emphasis added). Plaintiff's sole claim, rooted in a different theory of liability than deception, is based only on allegations that labeling the Product "vanilla" is a violation of the FDA regulations, not on any allegations that the labeling is misleading to reasonable consumers. Nothing in this Court's Order suggested that this would be improper or beyond the scope of the permitted amendment.

Even if this Court determines that Plaintiff failed to plead that she lacks an adequate remedy at law, there is no basis for finding that Plaintiff attempted to change her factual allegations without leave of this Court. Her factual allegations all make clear that her theory of liability is rooted only in one theory—violation of federal and state labelling regulations—and that she does not seek damages but rather only equitable relief—injunction and restitution. Moreover, the Court should not dismiss her request for restitution with prejudice, as Defendant argues, because an application of traditional principles governing equitable remedies in federal court is **not** a determination on the merits. If this Court dismisses Plaintiff's request for equitable restitution, it should do so without prejudice so that Plaintiff can refile her claim for restitution in state court, which has no limitation on its ability to grant the equitable relief expressly authorized by the UCL.

## STATEMENT OF FACTS

In compliance with this Court's Order, Plaintiff amended her factual allegations so that her sole remaining UCL claim is rooted in a violation of the FDA regulation and not deception. *See* Exhibit A to the Declaration of Sue J. Nam ("Nam Decl."), submitted herewith, which consists of a black-lined comparison between the Second Amended Complaint ("SAC") and the TAC. Thus, Plaintiff now alleges she "lacks an adequate remedy of law because the UCL, the only claim brought by Plaintiff, does not provide for damages." TAC ¶ 53. She also amended her factual allegations to make clear that she seeks restitution of Chobani's ill-gotten moneys, not her damages. *See* TAC ¶ 14 (alleging that vanillin is far cheaper than vanilla extract); ¶ 31 (alleging that "Defendant charges more for its Products than it otherwise could by violating FDA labeling regulations"); ¶ 36 (alleging that "by engaging in unlawful labeling, Defendant repeated and continues to reap increased sales and profits"). All of Plaintiff's new factual allegations support her contention that she seeks only what is available to her under the unlawful prong of the UCL and remove allegations that are irrelevant to her sole remaining claim. As discussed in further detail below, this Court can easily dispense with Defendant's objections to each and every specific allegation that it identifies as somehow beyond the scope of this Court's leave to amend.

## LEGAL STANDARDS

Without even mentioning or acknowledging the law of the case doctrine, Chobani asks this Court to reconsider its prior Order in which it concluded that (1) Plaintiff plausibly pled that the Product does not comply with 21 C.F.R. § 101.22(i)(1)(iii) and thus violates the UCL's unlawful prong and (2) Plaintiff has standing to seek injunctive relief with respect to her claim under the UCL's unlawful prong. Order at 15-16, 18-19. "Under the law of the case doctrine, a court is generally precluded from reconsidering an issue that has already been decided by the same court, or a higher court in the identical case." *United States v. Alexander*, 106 F.3d 874, 876 (9th Cir. 1997). There are only a narrow number of conditions that give courts discretion to depart from the law of the case. They are: "1) the first decision was clearly erroneous; 2) an intervening change in the law has occurred; 3) the evidence on remand is substantially different; 4) other changed

circumstances exist; or 5) a manifest injustice would otherwise result." *Id.* "Failure to apply the doctrine of the law of the case absent one of the requisite conditions constitutes an abuse of discretion." *Id.* Chobani fails to even contend that it meets the requisite standard for reconsideration. Chobani plainly does not.

## **ARGUMENT**

### **I. THE LAW OF THE CASE PRECLUDES RECONSIDERATION OF ISSUES ALREADY DECIDED BY THIS COURT**

#### **A. This Court Properly Concluded Plaintiff Plausibly Pled Her Claim Under The Unlawful Prong Of The UCL**

In its Order, the Court "consider[ed] whether Ms. Nacarino has plausibly pled that the Product does not comply with 21 C.F.R. § 101.22(i) and thus violates the UCL's unlawful prong." Order at 15. After specifically referring to relevant California state law and quoting at length Section 101.22(i)(1)(iii), the Court found that "Ms. Nacarino has adequately alleged that the Product does not comply with Section 101.22(a), as she asserts that the Product's flavoring does not derive exclusively from the vanilla plant and that its label does not include 'with other natural flavor' in compliance with the prescriptive terms of Section 101.22(1)(iii)." *Id.* at 15-16. In so concluding, the Court relied upon the following allegations in the SAC that remain in Plaintiff's TAC.

- "[I]f the Product, whose 'characterizing flavor' is vanilla, does not rely exclusively on the vanilla plant for its vanilla flavor, and instead also relies on 'other natural flavor[s],' the Product's label must include the words "with other natural flavor" in addition to "Vanilla." Order at 16 (citing SAC ¶¶ 16-19, 65). *See* TAC ¶¶ 15-19, 47.

- "As alleged in the complaint, mass spectrometry testing revealed that 'aromatic compounds associated with real vanilla . . . are not found in [Chobani's] Product," while such compounds *are* found in competitor products whose flavor comes entirely from vanilla bean or extract." Order at 16 (citing SAC ¶¶ 36-43). *See* TAC ¶¶ 17-28.

- "Further, the complaint states that vanillin levels in the Product were over 45 times as high as those in one of the competitor products, and over 319 times as high as those in the other, leading Ms. Nacarino to conclude that the Product's vanillin is present 'in a significantly greater amount than would be if it were only present as part of vanilla extract.'" Order at 16 (citing SAC ¶¶ 36-43). *See* TAC ¶¶ 17-28.

*See* Order at 16. Thus, this Court concluded:

> Given the allegedly stark differences in testing results between the Product and competitor products flavored exclusively with vanilla bean or extract, Ms. Nacarino has plausibly pled that the Product is not exclusively flavored with 'real' vanilla. . . . Since the Product's label only includes the term "Vanilla," Ms. Nacarino has adequately alleged that the Product does not comply with Section 101.22(i)(1)(iii).

Order at 16.

Yet despite this Court's specific finding to the contrary, Chobani nonetheless argues that "Plaintiff has failed to state a plausible claim under the UCL's unlawful prong." Motion at 14. Chobani, however, in making this assertion, does not contend that this Court's first decision was clearly erroneous, an intervening change in the law occurred, the evidence is substantially different, other changed circumstances exist, or a manifest injustice would otherwise result. *See* Motion at 14-17. Accordingly, Chobani cites no legitimate grounds under the doctrine of the law of the case for this Court to reconsider its prior binding decision on this issue.

Moreover, even if this Court were to consider the reasons for reconsideration—which are unquestionably outside of what can be considered without abusing the Court's discretion—this Court nonetheless can easily dispense with them. In arguing that the TAC (1) fails to plausibly allege that her reliance on the Product label caused her to be deceived and (2) fails to satisfy Rule 9(b)'s heightened pleading standard for allegations of fraud, Motion at 14-19, Chobani misreads the TAC as containing allegations regarding deception. It does not. *See* Exhibit A to Nam Decl. (showing deletion of all references to fraud and deception). The TAC only alleges unlawful conduct by Chobani and Plaintiff's injury as a direct result of the unlawful conduct. Indeed, the TAC could not be more explicit on this point:

> **Reliance and Economic Injury**
>
> 32. Plaintiff sought a yogurt product whose characterizing vanilla flavor is independently derived from the vanilla plant.
>
> 33. Plaintiff read and relied on Defendant's label on the Product to believe that the characterizing flavor of the Product was vanilla and that the vanilla flavor came independently from the vanilla plant.
>
> 34. Had Plaintiff known the truth – that the label Plaintiff relied upon in making the purchase was unlawful in that the vanilla flavor of the Product does not come independently from the vanilla plant – Plaintiff would not have purchased the Product at a premium price or bought the Product at all.
>
> 35. The Product is priced comparably to other similar premium vanilla-flavored yogurt products that are flavored with vanilla extract, but costs more than vanilla-flavored yogurt products that disclose added flavoring on the front label.
>
> 36. By engaging in its unlawful labelling, Defendant reaped and continues to reap increased sales and profits.

TAC ¶¶ 32-36.

Thus, not only does Chobani's position fall outside the narrow scope of proper reconsideration under the law of the case, but Chobani's claim is not tethered to the specific allegations and the sole cause of action pled in the TAC.

**B.  This Court Properly Concluded Plaintiff Has Standing For Injunctive Relief**

In claiming Plaintiff lacks standing for injunctive relief, Chobani points to the Ninth Circuit's decision in *In re Coca-Cola Products Marketing & Sales Practices Litigation (No. II)*, No. 20-15742, 2021 WL 3878654 (9th Cir. Aug. 31, 2021). Motion at 2, 10-11. But Chobani does not suggest, nor could it, that *In re Coca-Cola* constitutes an intervening change in the law.

In that case, the Ninth Circuit simply reiterated the standing requirement of *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956 (9th Cir. 2018):

> *Davidson* offered two non-exclusive examples of threatened future harm a consumer complaining of assertedly false labeling might plausibly allege: "she will be unable to rely on the product's advertising or labeling in the future, and so will not purchase the product although she would like to" and "she might purchase the product in the future, despite the fact it was once marred by false advertising or labeling, as she may reasonably, but incorrectly, assume the product was improved."

*In re Coca-Cola,* 2021 WL 3878654, at *1. The Ninth Circuit then concluded that standing was not met because "none of the plaintiffs in this case allege a desire to purchase Coke as advertised, that is, free from what they believe to be artificial flavors or preservatives." *Id.* at *2.

In contrast, this Court concluded that Plaintiff sufficiently alleged threat of injury that is actual and imminent "under *Davidson's* first scenario, as she has alleged that she cannot rely on the Product's advertising or labeling, and that she will not purchase the Product again despite her desire to." Order at 19. This Court pointed to Plaintiff's allegation that "she *would purchase the Product again in the future* if the Product were reformulated. . . ." Order at 19 (citing SAC ¶ 9, italics in original). Plaintiff in her TAC again alleges her concrete desire to purchase the Product in the future if the Product were reformulated so that the current labeling is compliant or if the labelling is changed so that the new labeling complies with federal and state regulations:

> Plaintiff Nacarino **would purchase the Product again in the future** if the Product were reformulated such that the characterizing vanilla flavor of the Product is independently derived from the vanilla plant or if the labelling complied with federal and state regulations. She currently cannot rely on the Product's labeling because nothing on the label discloses that the Product has added vanilla flavorings, not from the vanilla plant, that simulate, resemble or reinforce the characterizing vanilla flavor of the Product.

TAC ¶ 8 (emphasis added).

This Court already rejected Chobani's argument that Plaintiff's allegation somehow constitutes a conditional desire to purchase the Product:

> Chobani argues that Ms. Nacarino has not alleged an "actual or imminent" threat of harm "because she has alleged only a *conditional* desire to purchase the Yogurt Product in the future." *See* Mot. at 20 (emphasis added). The Court finds that this argument effectively ignores *Davidson*. Every consumer who satisfies *Davidson*'s first scenario would purchase the contested product only "if" it changed in some way. *See Davidson*, 889 F.3d at 969–70; *see also Vizcarra*, 2020 WL 4016810 at *6 (finding that the plaintiff had standing where she alleged that she would purchase an ice cream product again "if it were truly flavored as labeled and advertised"); *cf. Lanovaz v. Twinings N. Am., Inc.*, 726 Fed. Appx. 590, 591 (9th Cir. 2018) (finding that a plaintiff lacked standing where she only alleged that she would "consider buying" a product again).

Order at 19.

Moreover, Chobani's argument that "Plaintiff's alleged harm is premised exclusively on her allegations that the label does not comply with federal and state regulations," Motion at 11 (edits and citation omitted), is a gross mischaracterization of Plaintiff's TAC. The TAC is crystal clear that Plaintiff relied upon Chobani's unlawful label, and her injury was monetary. TAC ¶¶ 32-36. Notably, elsewhere in Chobani's motion, it expressly acknowledges that Plaintiff alleges injury in the form of lost money. *See*, *e.g.*, Motion at 9 ("because Plaintiff has not shown that legal remedies are inadequate to compensate her for the **alleged loss of money**, Plaintiff's claim for restitution must be dismissed") (emphasis added).

But to be clear, alleging monetary injury to establish Article III standing is not the same as seeking damages. Plaintiff does not seek a remedy in the form of **Plaintiff's** monetary damages. She seeks restitution and disgorgement of **Chobani**'s ill-gotten gains, as expressly permitted under the UCL. *See* TAC ¶ 52 ("Plaintiff also seeks an order for the disgorgement and restitution of all monies from the sale of Defendant's Products that were unjustly acquired through unlawful acts and practices."); Bus. & Prof. Code, § 17203 (court may "make such orders and judgments ... as may be necessary to restore to any person in interest any money or property, real or personal, which may have been acquired by means of such unfair competition").

Simply put, Defendant identifies no proper basis for this Court to reconsider its prior rulings that Plaintiff plausibly pled her claim under the unlawful prong of the UCL and that she has standing with respect to that claim.

## II.     PLAINTIFF PROPERLY AMENDED HER COMPLAINT IN ACCORDANCE WITH THIS COURT'S ORDER

### A. Plaintiff Alleges She Does Not Have A Legal Remedy Under Her Sole Cause of Action

Defendant argues that "the Court should dismiss with prejudice Plaintiff's request to pursue restitution under the UCL because Plaintiff has **failed to explain why** damages are inadequate to remedy her alleged economic injury in this case." *See* Motion at 7 (footnote omitted) (emphasis added). Plaintiff's TAC plainly refutes Defendant's unfounded contention. Plaintiff specifically alleged: "Plaintiff lacks an adequate remedy at law **because** the UCL, the only claim brought by Plaintiff, does not provide for damages." TAC ¶ 53 (emphasis added). Chobani's contention that Plaintiff not only failed to plead that damages are inadequate, "but she added new and different allegations to her TAC, in an effort to bolster her claim that the Product's label fails to comply with FDA's regulations," Motion at 12, is wrong. All of TAC's amended factual allegations address this Court's Order by making clear that her UCL claim is rooted **only** on factual allegations that labeling the Product "Vanilla" is a violation of predicate state and federal labelling laws and specify that she is not seeking recovery of her damages but rather "disgorgement and restitution of all monies from the sale of Defendant's Products that were unjustly acquired through unlawful acts and practices." TAC ¶ 52.

Chobani objects to Plaintiff's allegations that the "characterizing vanilla flavor" of the Product is not "independently derived from the vanilla plant" or "does not come independently from… the vanilla plant." *See* Motion at 12, 2nd bullet point. Chobani also objects to allegations that clarify that Plaintiff lost money as a result of Chobani's unlawful conduct but seeks only restitution of Chobani's ill-gotten profits from using vanillin, a far cheaper ingredient than vanilla extract, which Chobani failed to disclose on its label as required. *See* Motion at 12, 6th and 7th bullet points. Yet these amendments (TAC ¶¶ 5, 7, 8, 14, 17, 20, 22, 31-36, 49, 52) track the

1 language of the UCL and the regulation that is alleged to have been violated. *See* Bus. & Prof.
2 Code, § 17203 (court may "make such orders and judgments ... as may be necessary to restore to
3 any person in interest any money . . . which may have been acquired by means of such unfair
4 competition"); § 17204 (allowing suit to be brought by "a person who has suffered injury in fact
5 and has lost money or property as a result of the unfair competition; 21 C.F.R. § 101.22(i)(1)(iii)
6 ("If [a] food contains both a characterizing flavor from the product whose flavor is simulated and
7 other natural flavor . . .).

8     Defendant then objects to Plaintiff's adding the image of the 5.3-ounce Product label (TAC
9 ¶ 2); removing images of the back product label (SAC ¶¶ 5, 26); and the allegation that Plaintiff
10 purchased the 32 ounce size Product (TAC ¶ 7). Motion at 12, 1st, 3rd, 5th bullet points. However,
11 these changes make the allegations relevant to Plaintiff's sole claim of unlawfulness. The 5.3-
12 ounce Product label has the identical front label as the 32-ounce size Product, which labeling is
13 alleged to violate labelling regulations, and the back label of the 32-ounce size Product is no longer
14 at issue. Moreover, as Defendant is aware from the prior motion practice, Plaintiff did, in fact,
15 purchase the 32 ounce size Product. *See* ECF No. 34 (Declaration of Plaintiff Elena Nacarino) ("I
16 purchased the 32 oz size of Defendant's "Greek Yogurt Vanilla Blended" sold under the Chobani
17 brand ("Product") . . . on multiple occasions in California including, but not limited to, in 2020
18 from a Whole Foods in San Francisco.").

19     Finally, the remainder of Chobani's objections are to immaterial wording changes that
20 hardly warrants the drastic remedy of striking Plaintiff's allegations. Chobani objects to TAC ¶ 28
21 as "conclusory." *See* Motion at 12, 4th bullet point. That allegation states:

22
23 > In other words, Defendant's Product contains vanillin in levels that are more than **45 times** that of Oui and more than **319 times** that of Siggi's. Thus, the scientific testing of the Product and other properly labeled products, demonstrates that the Product relies upon added vanillin, not from the vanilla plant, to boost its vanilla flavor. Defendant violates 21 C.F.R. §101.22(i)(1) by using "Vanilla" alone on its front label.
24
25

26 This is hardly conclusory, given that it summarizes the test results of competing brands already
27 referenced. Moreover, it is in substance the same as alleged in the prior complaint, as described by
28

this Court. *See* Order at 16 ("Further, the complaint states that vanillin levels in the Product were over 45 times as high as those in one of the competitor products, and over 319 times as high as those in the other, leading Ms. Nacarino to conclude that the Product's vanillin is present in a significantly greater amount than would be if it were only present as part of vanilla extract.") (internal quotation and citation omitted). Similarly, Chobani challenges other minor wording changes. *See* Motion at 13, last bullet point ("Changing her requested remedy from a request for injunctive relief to "commence a corrective advertising campaign" (SAC ¶ 69) to a request for injunctive relief ordering Chobani to "commence corrective action" (TAC ¶ 51)).

Defendant selectively quotes this Court's Order and argues that this Court somehow dictated the precise manner in which Plaintiff could amend her complaint. Not so. This Court provided examples of how Plaintiff could show that she lacks an adequate remedy of law, Order at 22 ("*e.g.*, that she would receive less compensation via damages than restitution"), but the Court did not limit Plaintiff's ability to amend her factual pleadings. Defendant ultimately takes issue with **how**, not **whether**, Plaintiff has pled that she does not have an adequate remedy of law. However, plaintiffs, not defendants, are "masters of the complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 395 (1987).

Plaintiff amended her allegations to show that there is an inherent limitation on the legal remedy in that damages simply are not permitted under the sole unlawful claim she asserts factually and as a cause of action. Plaintiff has neither pled nor sought legal remedies in the TAC. *Cf. Guzman v. Polaris Indus. Inc.*, No. 8:19-cv-01543-FLA (KESx), 2021 WL 2021454, at *11 (C.D. Cal. May 12, 2021) (rejecting argument that equitable restitution claim must survive where a plaintiff has not pleaded any legal remedy and only seeks restitution under the UCL, because "[t]he relevant question, however, is not whether [the plaintiff] has *pleaded* legal remedies, but whether he could have *sought* an adequate legal remedy."). Moreover, Plaintiff here argues that equitable restitution goes beyond the damages available to her because Plaintiff has **no** damages available to her. *Cf. Anderson v. Apple Inc.*, 500 F. Supp. 3d 993, 1009 (N.D. Cal. 2020) (Orrick,

J.) (plaintiffs "do not attempt to argue, for instance, that the equitable restitution they request would go beyond the damages available to them.").

Indeed, Plaintiff is unaware of any decisions that addressed this particular scenario: where Plaintiff seeks injunctive relief and restitution pursuant to the UCL without any allegations that support a claim for damages under the CLRA. The only cases Defendant cites in which courts found their inability to award restitution are cases in which the plaintiffs brought claims for restitution under the UCL **in addition to** claims for compensatory damages under the CLRA, and pled facts supporting **both** claims. *See*, *e.g., Anderson*, 500 F. Supp. 3d at 1009 (granting leave to amend because "the mere fact that the FAC requests damages is not sufficient to show that restitution is foreclosed"); *Guzman*, 2021 WL 2021454, at *11 ("The SAC seeks damages for violations of the CLRA in addition to restitution under the UCL."); *Robie v. Trader Joe's Company*, No. 20-cv-07255-JSW, 2021 WL 2548960, at *1 (N.D. Cal. June 14, 2021) ("Plaintiff seeks monetary damage as well as equitable and injunctive relief."); *Sharma v. Volkswagen AG*, 524 F.Supp.3d 891, 899 (N.D. Cal. 2021) (noting that the plaintiffs sought an "order awarding ... restitution, disgorgement, punitive damages, treble damages, exemplary damages and statutory damages[,] and compensatory damages for economic loss and out-of-pocket costs"); *In re MacBook Keyboard Litig.*, No. 5:18-cv-02813-EJD, 2020 WL 6047253, at *4 (N.D. Cal. Oct. 13, 2020) (asserting claims under both UCL and CLRA); *Gibson v. Jaguar Land Rover N. Am., LLC*, No. CV 20-00769-CJC (GJSx), 2020 WL 5492990, at *3 (C.D. Cal. Sept. 9, 2020) ("Here, Plaintiff seeks both compensatory damages and equitable relief;"); *Ivie v. Kraft Foods Glob., Inc.*, No. C 12-02554-RMW, 2015 WL 183910, at *1 (N.D. Cal. Jan. 14, 2015) (asserting claims under UCL, FAL and CLRA). *See also Hope Medical Enterprises Inc. v. Fagron Compound Services, LLC*, No. 2:21-cv-01333-ODW (MAAx), 2021 5086358 (C.D. Cal. November 2, 2021), at * 22-23 (post-trial determination that the plaintiff was not entitled to restitutionary disgorgement of the defendant's improper profits because damages were available under its statutory claims but voluntarily waived).

The recent decision of *Guthrie v. Transamerica Life Insurance Company*, -- F.Supp.3d --, Case No. 3:21-cv-04688-WHO, 2021 WL 4314909 (N.D. Cal. Sept. 23, 2021), is instructive. The plaintiffs in that case sought a single remedy under a single statute: equitable restitution under the UCL. *Id.* at *1. Unlike Plaintiff here, the plaintiffs in that case did not seek injunctive relief and did not plead that they lack legal remedies but rather "represent[ed] that they will not and cannot do so." *Id.* The court noted the novelty of the issues presented by the application of *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834 (9th Cir. 2020), to the situation where (1) the plaintiff seeks only restitution under the UCL and (2) the plaintiff "fails to plead (or at least refuses to plead) that she lacks an adequate remedy at law." *Id.* at *1, 4. In that situation, and because the litigation started in state court, the court concluded that it did not have equitable jurisdiction over the claim and remanded the case to state court where it commenced. *Id.* at *6-9.

This case also presents a novel situation in that Plaintiff alleges facts to support only a UCL claim under the unlawful prong and does not and cannot allege that she met the reasonable consumer standard under the UCL, FAL, and CLRA, as this Court dismissed those claims. However, unlike the plaintiffs in *Guthrie*, she seeks both injunctive relief **and** restitution **and** clearly alleges that (1) she lacks an adequate remedy at law because the UCL, the only claim brought by Plaintiff, does not provide for damages, and (2) Plaintiff lacks an adequate remedy at law for future harm.

Defendant asks this Court to strike Plaintiff's new factual allegations, but all of those allegations stem directly from the Court's Order dismissing her deception claims and granting her leave to amend her complaint to plead that damages are inadequate. Under the unusual circumstances of this case, where only the claim under the UCL's unlawful prong survived, Plaintiff amended her complaint in good faith. Plaintiff took into account this Court's analysis of *Elgindy v. AGA Service Co.*, 2021 WL 1176535 (N.D. Cal. Mar. 29, 2021), Order at 22, and did so with no clear guidance from other decisions in this Circuit regarding how else to meet the requirements of *Sonner*. Thus, Plaintiff's new allegations do not exceed the scope of the Court's

MEMORANDUM IN OPPOSITION TO MOTION TO DISMISS THIRD AMENDED COMPLAINT
*Nacarino v. Chobani LLC*, No. 20-cv-7437-EMC
- 13 -

Order and certainly is not "an impermissible attempt to change her factual allegations without leave of Court as required under Rule 15." Motion at 13.

Indeed, striking Plaintiff's allegations would be improper. Federal Rule of Civil Procedure 12(f) states: "The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The function of a Rule 12(f) motion to strike is to "avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *overruled on other grounds*. Indeed, "such motions are rarely granted when the moving party can show no prejudice as a result of the matter included in a pleading." *Garcia–Barajas v. Nestle Purina Petcare Co.*, No. 1:09–CV–00025 OWW DLB, 2009 WL 2151850, *2 n. 2 (E.D. Cal. Jul. 16, 2009). In addition, even if Plaintiff exceeded the scope of the amendment the Court authorized, which she did not, that by itself does not necessarily warrant striking the unauthorized allegations. *See Lamumba Corp. v. City of Oakland*, No. C 05-2712 MHP, 2006 WL 3086726, *3 (N.D. Cal. Oct. 30, 2006) ("Exceeding the scope of a court's leave to amend is not necessarily sufficient grounds for striking a pleading or portions thereof"); *Sapiro v. Encompass Ins.*, 221 F.R.D. 513, 518 (N.D. Cal. 2004) ("However tardy and conclusory they may be, plaintiffs' new claims are not wholly specious, and plaintiffs' inattention to procedural detail has not prejudiced defendants in any cognizable way. [The defendant's] motion to strike plaintiffs' amended complaint is denied accordingly."); *Allen v. County of Los Angeles*, No. CV 07-102-R (SH), 2009 WL 666449, *2 (C.D. Cal. Mar. 12, 2009) (stating that "[e]xceeding the scope of a court's leave to amend is not necessarily sufficient grounds for striking a pleading or portions thereof," and collecting cases in support of that proposition); *see also Schulken v. Washington Mut. Bank, Henderson, NV*, No. 09–CV–02708–LHK, 2011 WL 4804063, *5 (N.D. Cal. Oct. 11, 2011) ("Even assuming Plaintiffs made additional requests for relief in the 4AC, Defendants have not persuaded the Court that these relatively minor changes warrant granting a motion to strike pursuant to Rule 12(f). Viewing the pleading in the light most favorable to the pleader, there is no

MEMORANDUM IN OPPOSITION TO MOTION TO DISMISS THIRD AMENDED COMPLAINT
*Nacarino v. Chobani LLC*, No. 20-cv-7437-EMC
- 14 -

evidence that 4AC contains 'redundant, immaterial, impertinent, or scandalous matter.'") (quoting Fed. R. Civ. P. 12(f)).

In sum, Chobani can point to nothing that is "redundant, immaterial, impertinent, or scandalous," and certainly nothing that is prejudicial. *See* Motion at 12-13. Plaintiff did not put forth any new allegations of which Defendant was unaware or that increases its expenditure of time and money from litigating spurious issues. There are no grounds to strike any of Plaintiff's allegations in the TAC.

### B. Even If This Court Concludes That It Cannot Award Equitable Restitution, It Should Dismiss Without Prejudice To Allow Plaintiff To Seek That Remedy In State Court

Even if this Court determines that Plaintiff's TAC failed to establish that she lacks an adequate remedy at law, the Court should not dismiss with prejudice as Defendant asks. *See* Motion at 7 ("the Court should dismiss with prejudice Plaintiff's request to pursue restitution under the UCL") (footnote omitted). Whether Plaintiff showed the "requisite inadequacy of legal remedies" for equitable remedies in federal court under *Sonner*, is not a merits question but rather a "threshold jurisdictional question." *Sonner*, 971 F.3d 839.

In *Guthrie*, Judge Orrick concluded, "Under *Sonner* [ ], I lack equitable jurisdiction over the plaintiff's claims." *Guthrie*, 2021 WL 4314909 at *1. However, he refused to dismiss with prejudice but rather remanded the case to state court. He explained:

> A dismissal for lack of equitable jurisdiction . . . is not a dismissal on the merits. . . . Accordingly, though the issue is not squarely before me, it seems that plaintiffs could simply refile their claims in state if court if they were dismissed in federal court on this ground. (*Sonner*, to put a fine point on it, was refiled in state court after the Ninth Circuit affirmed dismissal. . . .

*Id.* at *9. Moreover, by filing a claim for restitution in state court, Plaintiff would not be engaging in improper claim-splitting. *See Noel v. Hall*, 341 F.3d 1148, 1159 (9th Cir. 2003) (claim-splitting doctrine does not apply where one of the actions was filed in state court and the other in federal court because "overlapping or even identical federal and state court litigation may proceed simultaneously"). Thus, even if this Court were to conclude that Plaintiff did not adequately plead

a lack of legal remedies, Plaintiff respectfully asks this Court to dismiss **without prejudice** so that Plaintiff may seek equitable restitution under the UCL in state court.

## CONCLUSION

For the reasons stated above, Defendant's motion to dismiss the TAC must be denied in its entirety. Alternatively, Plaintiff asks that this Court dismiss her request for equitable restitution without prejudice so that Plaintiff may seek that remedy in state court.

Respectfully submitted,

Date: November 3, 2021

**REESE LLP**

By: */s/ Sue J. Nam*

Sue J. Nam (State Bar No. 206729)
*snam@reesellp.com*
Michael R. Reese (State Bar No. 206773)
*mreese@reesellp.com*
100 West 93rd Street, 16th Floor
New York, New York 10025
Telephone: (212) 643-0500
Facsimile: (212) 253-4272

**REESE LLP**
George V. Granade (Cal. State Bar No. 316050)
*ggranade@reesellp.com*
8484 Wilshire Boulevard, Suite 515
Los Angeles, California 90211
Telephone: (310) 393-0070

**SHEEHAN & ASSOCIATES, P.C.**
Spencer Sheehan (Pro hac vice submitted)
*spencer@spencersheehan.com*
60 Cuttermill Road, Suite 409
Great Neck, New York 11021-5101
Telephone: (516) 303-0552

*Counsel for Plaintiff and the Proposed Class*