UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELENA NACARINO,<br><br>            Plaintiff,<br><br>      v.<br><br>CHOBANI, LLC,<br><br>            Defendant. | Case No. 20-cv-07437-EMC<br><br>**ORDER DENYING DEFENDANT'S MOTION TO CERTIFY ORDER FOR IMMEDIATE APPEAL**<br><br>Docket No. 64 |

## I.   INTRODUCTION

Currently pending before the Court is Defendant's motion requesting that the Court amend its February 4, 2022 Order to certify it for immediate appeal under 28 U.S.C. § 1292(b). Motion to Certify Order For Immediate Appeal ("Mot."); Docket No. 64. For the following reasons the Court **DENIES** Defendant's motion.

## II.   BACKGROUND

Notably, the Court's February 4, 2022 Order denied Defendant's motion to dismiss Plaintiff's third amended complaint. Order; Docket No. 61. In doing so, the Court denied Defendant's motion to dismiss for failure to state a claim under the UCL's unlawful prong and for failure to satisfy the heightened pleading requirements of Rule 9(b). Order at 8-13. Additionally, the Court denied Defendant's motion to dismiss Plaintiff's claim for restitution based on failure to allege an inadequate legal remedy. *Id*. at 13-17. Further, the Court denied Defendant's motion to dismiss Plaintiff's request for injunctive relief on standing grounds. *Id*. at 17-21.

The portion of the Order for which Defendant seeks an immediate appeal concerns the Court's denial of its motion to dismiss Plaintiff's request for equitable restitution based on the adequacy of a legal remedy. In *Sonner*, the Ninth Circuit held that a plaintiff "must establish that

she lacks an adequate remedy at law before securing equitable restitution for past harm under" California's Unfair Competition Law ("UCL"). *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 844 (9th Cir. 2020). The Court analyzed *Sonner* and declined to dismiss Plaintiff's claim for equitable restitution under the UCL and concluded that Plaintiff had sufficiently "plead[ed] that there is an inadequate legal remedy" because the Court previously dismissed Plaintiff's sole damages claim "on the merits." Order at 18. The Court acknowledged that "the analysis is less clear where the legal remedy has been denied despite plaintiff's best efforts" and noted that other courts have indicated that imposing the burden iterated in *Sonner* at the pleading stage may be premature. *Id*. at 16.

### III.     LEGAL STANDARD

For the Court to certify its opinion for interlocutory review, there must be:  (i) a controlling question of law; (ii) substantial grounds for difference of opinion; and (iii) a likelihood that an immediate appeal may materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b). Generally, interlocutory review is applied "only in exceptional cases where decision of an interlocutory appeal might avoid protracted and expensive litigation. It was not intended merely to provide review of difficult rulings in hard cases." *U.S. Rubber Co. v. Wright*, 359 F.2d 784, 785 (9th Cir. 1966). Certification is at the discretion of the district court. *Swint v. Chambers Cnty. Comm'n*, 514 U.S. 35, 47 (1995). The Court concludes Defendant has failed to satisfy (i) and (iii).

### IV.     DISCUSSION

A.     Controlling Question of Law

The first requirement that Defendant raise a controlling question of law is satisfied if "resolution of the issue on appeal could materially affect the outcome of the litigation." *In re Cement Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1982). The challenged issues need not be dispositive of the entire lawsuit to be controlling. *See Kuehner v. Dickinson & Co.*, 84 F.3d 316, 319 (9th Cir. 1996). Although the phrase "controlling question of law" is not further defined in the statute, examples include fundamental inquiries like "who are necessary and proper parties, whether a court to which a cause has been transferred has jurisdiction, or whether state or federal law should

be applied." *Cement Litig.*, 673 F.2d at 1026 (citing *United States v. Woodbury*, 263 F.2d 784, 787 (9th Cir. 1959)). Notably, where an outcome "would not result in the wrong party prevailing, but rather the calculation of any potential final judgment," it does not rise to the level of a controlling question of law materially affecting the outcome of the litigation. *Zulewski v. Hershey Co.*, Case No. 11-cv-05117-KAW, 2013 WL 1334159, at *1 (N.D. Cal. Mar. 29, 2013).

Here, Defendant is correct that an immediate appeal would, if successful, eliminate one remedy of Plaintiff's UCL claim (equitable restitution). However, in deciding whether discovery should move forward, Magistrate Judge Tse properly noted that "[e]ven if restitution is taken off the table, the UCL claim for injunctive relief is moving forward." Discovery Order at 1; Docket No. 67. Hence, irrespective of the appeal herein, this Court must still reach the question of Defendant's liability under the UCL, regardless of whether equitable restitution is available as a remedy.

As such, the issue for which Defendant seeks an interlocutory review (the scope of *Sonner*'s inadequate legal remedies requirement) is not a controlling question of law. *See Banneck v. Federal National Mortgage Association*, No. 17-cv-04657- WHO, 2018 WL 5603632, at *2 (N.D. Cal. Oct. 29, 2018) (holding that there was no controlling question of law because movant "ignores the chance that this Court might resolve the matter at the liability phase" even if statutory damages and injunctive relief were precluded on successful immediate appeal); *F.T.C. v. Swish Mktg.*, No. 09-cv-03814-RS, 2010 WL 1526483, at *2 (N.D. Cal. Apr. 14, 2010) (denying certification and noting that the availability of equitable remedies is not a controlling question because the "possibility for purely injunctive relief still presents a live controversy").

B.  <u>Substantial Grounds for Difference of Opinion</u>

A substantial ground for difference of opinion exists where "novel and difficult questions of first impression are presented" on which "fair-minded jurists might reach contradictory conclusions." *Reese v. BP Exploration (Ak.) Inc.*, 643 F.3d 681, 688 (9th Cir. 2001). As noted in this Court's Order, there is a wide variance in district courts' approaches to applying *Sonner*: specifically with regard to determining how and when a plaintiff must demonstrate that legal remedies are inadequate. Indeed, this Court's view of the question has evolved. Thus, there are

1  substantial grounds for difference of opinion.

2  C.   Material Advancement

3  The third element is that an appeal must be "likely to materially speed the termination of the litigation" is related to the first requirement that there be a controlling question of law. *Ambrosio v. Cogent Commc'ns, Inc.*, No. 14-cv-02182-RS, 2016 WL 777775, at *3 (N.D. Cal. Feb. 29, 2016) (quoting *Villarreal v. Caremark LLC*, 85 F. Supp. 3d 1063, 1071 (D. Ariz. 2015)). Considering the effect of a reversal on the case, an interlocutory appeal materially advances the termination of the litigation where it "promises to advance the time for trial or to shorten the time required for trial." *Dukes v. Wal-Mart Stores, Inc.*, 01-cv-02252-CRB, 2012 WL 6115536, at *5 (N.D. Cal. Dec. 10, 2012) (quoting 16 Federal Practice & Procedure § 3930 at n. 39 (2d ed.)).

Here, resolution of the availability of an equitable remedy of restitution would not obviate the central issue of liability. Nor would class certification, summary judgment, or trial be significantly simplified. Thus, an interlocutory appeal would not satisfy the "material advancement" factor. *See Swish Mktg.*, 2010 WL 1526483, at *4 (finding the issue is not exceptional when liability has not yet been established); *see also Realtek Semiconductor Corp. v. LSI Corp.*, No. C-12-03451-RMW, 2013 WL 3568314, at *3 (N.D. Cal. July 12, 2013) ("The possibility of avoiding some liability does not comport with the purpose of § 1292(b) certification, which is to be used only in 'exceptional circumstances' not present here.").

### V.   CONCLUSION

The Court finds that Defendant has not met its burden of satisfying all three requirements to justify the extraordinary remedy it seeks. For the reasons stated, the motion to certify the February 4, 2022 Order for interlocutory review is **DENIED**.

This order disposes of Docket No. 64

**IT IS SO ORDERED**.

Dated: March 21, 2022

_____
EDWARD M. CHEN
United States District Judge