**REESE LLP**
Sue J. Nam (State Bar No. 206729)
*snam@reesellp.com*
Michael R. Reese (State Bar No. 206773)
*mreese@reesellp.com*
100 West 93rd Street, 16th Floor
New York, New York 10025
Telephone: (212) 643-0500
Facsimile: (212) 253-4272

**REESE LLP**
George V. Granade (State Bar No. 316050)
*ggranade@reesellp.com*
8484 Wilshire Boulevard, Suite 515
Los Angeles, California 90211
Telephone: (310) 393-0070
Facsimile: (212) 253-4272

**REESE LLP**
Charles D. Moore (Admitted *Pro Hac Vice*)
*cmoore@reesellp.com*
100 South 5th Street, Suite 1900
Minneapolis, MN 55402
Telephone: (212) 643-0500
Facsimile: (212) 253-4272

**SHEEHAN & ASSOCIATES, P.C.**
Spencer Sheehan (Admitted *Pro Hac Vice*)
*spencer@spencersheehan.com*
60 Cuttermill Road, Suite 409
Great Neck, NY 11021
Telephone: (516) 303-0552
Facsimile: (516) 234-7800

*Counsel for Plaintiff and the Proposed Class*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| ELENA NACARINO, on behalf of herself and all others similarly situated,<br><br>        Plaintiff,<br>vs.<br><br>CHOBANI LLC,<br><br>        Defendant. | Case No. 20-cv-7437-EMC (AGT)<br><br>**PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR SANCTIONS**<br><br>Date:  May 12, 2022<br>Time:  1:30 p.m.<br>Judge: Hon. Edward M. Chen |

**REPLY MEMORANDUM OF POINTS AND AUTHORITIES**

Plaintiff Elena Nacarino ("Plaintiff") respectfully submits the following reply in further support of her motion for sanctions against Chobani LLC ("Defendant" or "Chobani").

**INTRODUCTION**

This case is about the Product's vanilla flavoring. This case has always been about the Product's vanilla flavoring since it was filed on October 23, 2020. ECF No. 1. However, Plaintiff and the proposed class cannot prove her claim because of Defendant's willful refusal to provide meaningful responses to Plaintiff's discovery requests about Defendant's vanilla flavoring. Indeed, Chobani still has not identified all the flavoring ingredients in its Product, claiming that only its supplier of the "natural flavors" in the Product would know if the Product contains vanillin from non-vanilla plant sources, as Plaintiff has long alleged. Chobani refuses to even identify the supplier so that Plaintiff can begin the process of a third-party subpoena.

Chobani's current excuse that the Parties have yet to agree on the ESI protocol, custodians or search terms is just the latest in a long line of excuses that Chobani has used to justify its blatant refusal to meet its discovery obligations. Chobani at first refused to respond to Plaintiff's first set of discovery requests, served on September 14, 2021, based on the pendency of its motion to dismiss the Third Amended Class Action Complaint ("TAC"). When the motion was denied, Chobani used its request for an extension of time to answer the TAC—to which Plaintiff readily agreed as a matter of professional courtesy—to file a motion to certify for immediate appeal this Court's order and then pointed to the pendency of that motion as grounds for refusing to respond to discovery requests. That too was rejected by Magistrate Judge Tse—at least with respect to merits discovery, which comprised the vast majority of the first set of discovery requests. On March 3, 2022, Judge Tse ordered Chobani to provide supplemental responses "in compliance with the federal rules, by March 25." ECF No. 67 (the "Discovery Order"). And when this Court denied the certification for appeal, even the limited stay on discovery of restitution-related issues was lifted. Chobani nonetheless has continued its strategy of delay. Chobani ignored Plaintiff's offer to meet and confer in advance of the deadline imposed by Judge Tse. Instead, on March 25,

1  Chobani provided only evasive responses to interrogatories and produced no documents in
2  violation of federal rules and Judge Tse's Order.
3        Defendant concedes that the Parties have had **four** meet-and-confers (on October 14, 2021,
4  February 28, 2022, March 29, 2022, and April 13, 2022) and exchanged numerous
5  communications all about Plaintiff's first set of discovery requests. *See* Defendant's Opposition to
6  Plaintiff's Motion for Sanctions ("Def. Opp.") at 2-6. Plaintiff already sought judicial intervention,
7  resulting in the Discovery Order, and a second joint discovery letter is pending before the
8  Magistrate Judge. ECF No. 79. Yet despite all of Plaintiff's efforts to obtain information from
9  Defendant and even this pending motion for sanctions, Chobani still has not produced **any**
10 information to allow "plaintiff and the proposed class . . . to start building their case." Discovery
11 Order at 1:18. Given all this, Defendant's contention that it is Plaintiff who is "abus[ing] the
12 discovery process," Def. Opp. at 2:12, is truly jaw-dropping. Chobani has proven what Plaintiff
13 argued in its opening papers: "Chobani's tactics to obstruct and obfuscate know no bounds." *See*
14 ECF 77, at 8:27.

16 **ARGUMENT**
17 **I.     MONETARY SANCTIONS SHOULD BE IMPOSED AGAINST DEFENDANT**
18 **A.     This Motion Is Properly Before This Court**
19       Chobani argues that this motion for sanctions is premature because "the parties had not yet
20 meaningfully met and conferred regarding Chobani's Supplemental Responses before this motion
21 was filed . . . ." Def. Opp. 6-7. Not true. Plaintiff has sought proper responses to her discovery
22 requests for months, offered to meet and confer in advance of the March 25 deadline imposed by
23 Judge Tse, and participated in multiple meet-and-confer sessions. Even after spending hours
24 communicating verbally and in writing with Chobani's counsel and seeking judicial intervention,
25 Plaintiff is no closer to getting her discovery requests answered than when her counsel started the
26 process of compelling responses back in October 2021. This motion is hardly "premature."

This motion also is not "in disguise." Def. Opp. at 8. This motion is a motion for sanctions, which must be brought separately before this Court. *See* Civil L.R. 7-8. The Parties have their second joint letter regarding discovery pending before Judge Tse. *See* ECF No. 79. Thus, this motion for sanctions is properly before this Court, and the discovery dispute is properly before the Magistrate Judge.

**B.    Sanctions Should Be Imposed for Chobani's Bad Faith Conduct**

Chobani's actions speak for themselves. Even weeks after Chobani was court-ordered to supplement its responses and Chobani first claimed that only its supplier knows the ingredients that comprise the "natural flavors" in its Product—which was alleged by Plaintiff to contain vanillin not derived from the vanilla plant—Chobani **still** refuses to verify its interrogatory responses in accordance with Fed. R. Civ. P. 33(b)(5), and Chobani **still** refuses to identify its supplier of "natural flavors." Chobani's position is that it will not provide even this basic information until **May 9**, *see* ECF No. 79 at 4, even though Chobani presumably has known this information since the first set of discovery was served and when Chobani served its initial disclosures on October 19, 2021.[1] Even taking Chobani's unverified response regarding its lack of knowledge about its own Product's ingredients at face value, Plaintiff obviously cannot serve third party subpoenas without knowing whom to serve.

Chobani also makes much of the fact that it has "produced its first set of documents and is in the process of making additional rolling productions." Def. Opp. at 1:8-10. To be clear, Chobani has produced a total of **ten** pages of documents, consisting of labels of the Products, many of which appear to be the same labels that were already publicly filed by Defendant in this case. *See* Declaration of Sue J. Nam ("Nam Decl."), filed concurrently, at ¶ 3. As of the filing of this Reply, Chobani has produced no additional documents. *Id.* In other words, ten Product labels are the only documents that Defendant has produced since Plaintiff served its First Set of Requests for Production of Documents on September 14, 2021 and despite the Discovery Order specifically

---

[1] In its initial disclosure, Chobani identified only one Chobani employee as "[l]ikely to have knowledge regarding manufacturing of Greek Yogurt Vanilla Blended, including packaging, ingredients, labeling, and regulatory compliance."

stating that "plaintiff and the proposed class should be allowed to start building their case" and "Chobani must supplement its responses to these requests, in compliance with the federal rules, by March 25." Discovery Order at 1:18, 21-22.

Chobani's excuse that "the parties have yet to agree on a proposed ESI Protocol, custodians or search terms," Def. Opp. at 2:7-8, is merely the latest in a long string of excuses for why it cannot meet its discovery obligations. Indeed, Chobani raised for the first time the necessity of an ESI Protocol, search terms, and custodians as prerequisite to its willingness to **begin searching** for relevant and responsive documents four days **after** Judge Tse's March 25 deadline. These newest grounds have no bearing on Plaintiff's first set of interrogatories. And even with respect to Plaintiff's requests for document production, the first time Chobani raised the topic was on March 29, 2022 at a meet-and-confer demanded by Plaintiff.

Simply put, Chobani has no justification in its delay in providing substantive responses to Plaintiff's first set of discovery requests, especially with respect to information that it currently knows and has known for months, such as the identity of its supplier of the Product's "natural flavors." Chobani is abusing the meet-and-confer process and acting in bad faith in violation of the letter and spirit of the Discovery Order. Sanctions are wholly appropriate here.

## CONCLUSION

Plaintiff respectfully requests that this Court award sanctions against Defendant in the form of an award of Plaintiff's attorneys' fees associated with this motion and Defendant's delay in producing proper responses to Plaintiff's first set of discovery requests, including Plaintiff's prior motion to compel that resulted in the Discovery Order, her efforts to enforce the Discovery Order, the pending second joint discovery letter before Magistrate Judge Tse, and any future motion practice.

| | |
|---|---|
| | Respectfully submitted, |
| Date: April 21, 2022 | |
| | **REESE LLP** |
| | By: /s/ Sue J. Nam |
| | Sue J. Nam (State Bar No. 206729)<br>snam@reesellp.com<br>Michael R. Reese (State Bar No. 206773)<br>mreese@reesellp.com<br>100 West 93rd Street, 16th Floor<br>New York, New York 10025<br>Telephone: (212) 643-0500<br>Facsimile: (212) 253-4272 |
| | **REESE LLP**<br>George V. Granade (Cal. State Bar No. 316050)<br>ggranade@reesellp.com<br>8484 Wilshire Boulevard, Suite 515<br>Los Angeles, California 90211<br>Telephone: (310) 393-0070 |
| | **REESE LLP**<br>Charles D. Moore (Admitted *Pro Hac Vice*)<br>cmoore@reesellp.com<br>100 South 5th Street, Suite 1900<br>Minneapolis, MN 55402<br>Telephone: (212) 643-0500 |
| | **SHEEHAN & ASSOCIATES, P.C.**<br>Spencer Sheehan (Pro hac vice submitted)<br>spencer@spencersheehan.com<br>60 Cuttermill Road, Suite 409<br>Great Neck, New York 11021-5101<br>Telephone: (516) 303-0552 |
| | *Counsel for Plaintiff and the Proposed Class* |