Reese LLP
Michael R. Reese (SBN 206773)
mreese@reesellp.com
Sue Nam (SBN 206729)
snam@reesellp.com
100 West 93rd Street, 16th Floor
New York, New York 10025
Telephone: (212) 643-0500
Facsimile: (212) 253-4272

*Attorneys for Plaintiff*

CLAUDIA M. VETESI (CA SBN 233485)
CVetesi@mofo.com
LENA GANKIN (CA SBN 333047)
LGankin@mofo.com
Morrison & Foerster LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: 415.268.7000
Facsimile: 415.268.7522

JAMIE LEVITT (*pro hac vice*)
JLevitt@mofo.com
Morrison & Foerster LLP
250 West 55th Street
New York, New York  10019-9601
Telephone: 212.468.8000
Facsimile: 212.468.7900

*Attorneys for Defendant*

[Additional Plaintiff's counsel are listed on signature page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ELENA NACARINO, on behalf of herself and all others similarly situated,<br><br>            Plaintiff,<br><br>     v.<br><br>CHOBANI LLC,<br><br>            Defendant. | Case No. 20-cv-7437-EMC (AGT)<br><br>**JOINT SUBMISSION OF THE PARTIES IN RESPONSE TO THE COURT'S MAY 4, 2023 ORDER** |

The parties respectfully submit the following in response to the Court's May 4, 2023 Order (ECF No. 140).

On May 3, 2023, the parties filed a stipulation of dismissal that dismissed all of Plaintiff Elena Nacarino's claims with prejudice pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii). *See* ECF No. 139. Because the dismissed claims were not the claims of a certified class or a class proposed to be certified for purposes of settlement, the stipulation of dismissal was not subject to Federal Rule of Civil Procedure 23(e).

The Ninth Circuit has stated that district courts should review pre-certification dismissals to assess whether there are unusual circumstances that would necessitate notice to absent class members prior to the dismissal of a class action. *Diaz v. Tr. Territory of Pac. Islands*, 876 F.2d 1401, 1408 (9th Cir. 1989). None of the concerns giving rise to the Ninth Circuit's decision in *Diaz* are implicated here, and we respectfully submit that the Court should grant Plaintiff's request for dismissal without requiring class notice.

***First***, it is highly unlikely that putative class members have relied on this action to vindicate their own rights. Publicity of this case and its filings has been limited to a few articles in a few legal publications that are primarily for review by attorneys and not widely distributed to the public at large. Except for another client represented by Plaintiff's counsel, Plaintiff's counsel have not been contacted by any other putative class members and has not publicized this case. Thus, it is the Parties' understanding and belief that there have been no significant communications with the public at large or putative class members about this litigation, including through media coverage. *See, e.g.*, *Lyons v. Bank of Am., N.A.*, 2012 WL 5940846, at *2 (N.D. Cal. Nov. 27, 2012) ("The Court agrees that this apparent lack of media coverage makes it unlikely that similarly situated [individuals] knew of Plaintiffs' lawsuit and relied on it for vindication of their own rights."); *Mahan v. Trex Co.*, 2010 WL 4916417, at *3 (N.D. Cal. Nov. 22, 2010) (detrimental reliance by absent class members was unlikely because there was "no evidence that the instant case has garnered significant news coverage").

***Second***, even if a member of the putative class relied on the above-captioned lawsuit for vindication of their own rights, there is no reason to believe that such claim would be lost because of a "rapidly-approaching" statute of limitations.  The statute of limitations for UCL claims is four years, and it has been tolled by Plaintiff's suit here.  *Lyons*, 2012 WL 5940846, at *2  ("[T]hese claims would not be time-barred because of the class action tolling doctrine").

***Third***, dismissal of this action would not concede or otherwise adversely impact potential class members. Courts routinely permit pre-certification dismissals of claims where, as here, a named plaintiff chooses to settle and dismiss her individual claims with prejudice in order to avoid the risk and uncertainty of continued litigation.  *See, e.g.*, *See, e.g., In re ConAgra Foods*, No. CV 11-05379 MMM (AGRx), 2014 WL 12577428, at *7 (C.D. Cal. May 2, 2014) (no concession of class interests where "[t]he class claims against the Defendants are being dropped because of the risk and uncertainty of litigation.").

***Finally***, the Parties note that while this lawsuit was pending, Chobani introduced revised labels for the products at issue in this lawsuit to include the words "With Other Natural Flavors" beneath "Vanilla."  Although Chobani maintains that its previous label was compliant, accurate and non-deceptive, Plaintiff recognizes that Chobani's independent decision to change the label benefits California consumers.

Accordingly, notice to absent potential class members is unnecessary.  *See e.g., Chu v. L'Oreal USA S/D, Inc.*, No. 3:21-cv-00471-EMC, 2022 U.S. Dist. LEXIS 146664, at *11 (N.D. Cal. Aug. 16, 2022) (granting request to approve dismissal without notice to the putative class after an analysis of the *Diaz* factors).

The parties respectfully request that the Court dismiss Plaintiff's individual claims with prejudice, without requiring notice to absent class members.

Dated: May 11, 2023

Respectfully submitted,

Reese LLP

Morrison & Foerster LLP

*/s/ Michael R. Reese*

Michael R. Reese (State Bar No. 206773)
Sue J. Nam (State Bar No. 206729)
*snam@reesellp.com*
100 West 93rd Street, 16th Floor
New York, New York 10025
Telephone: (212) 643-0500
Facsimile: (212) 253-4272

*Attorneys for Plaintiff*

REESE LLP
Charles D. Moore (Admitted *Pro Hac Vice*)
*cmoore@reesellp.com*
100 S 5 St, Ste 1900
Minneapolis MN 55402

Telephone: (212) 643-0500
Facsimile: (212) 253-4272

REESE LLP
George V. Granade (State Bar No. 316050)
*ggranade@reesellp.com*
100 S 5 St, Ste 1900
Minneapolis MN 55402
Telephone: (310) 393-0070

SHEEHAN & ASSOCIATES, P.C.
Spencer Sheehan (Admitted *Pro Hac Vice*)
*spencer@spencersheehan.com*
8484 Wilshire Blvd, Ste 515
Los Angeles CA 90211
Telephone: (516) 268-7080
Facsimile: (516) 234-7800

*/s/ Claudia M. Vetesi*

CLAUDIA M. VETESI (CA SBN 233485)
CVetesi@mofo.com
LENA GANKIN (CA SBN 333047)
LGankin@mofo.com
Morrison & Foerster LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: 415.268.7000
Facsimile: 415.268.7522

JAMIE LEVITT (pro hac vice)
JLevitt@mofo.com
Morrison & Foerster LLP
250 West 55th Street
New York, New York 10019-9601
Telephone: 212.468.8000
Facsimile: 212.468.7900

*Attorneys for Defendant*

4

# ATTORNEY ATTESTATION

I, Claudia M. Vetesi, am the ECF user whose identification and password are being used to file this Joint Case Management Statement. In compliance with Local Rule 5-1(h)(3), I hereby attest that concurrence in the filing of the document has been obtained from the other signatory.

/s/ *Claudia M. Vetesi*